ALFRED PATTERSON *et al.*

*vs.*

TRIUMPH INSURANCE COMPANY.

*Who may sue for loss. Waiver of proof. Award—what is an.*

Mortgagors who have caused the mortgaged property to be insured in their own names by a policy making the amount insured payable to the mortgagee in case of loss may, with the assent of the mortgagee, sustain an action in their own names upon the policy.

Failure to notify the assured that the proofs of loss furnished by him to the company are insufficient will be deemed a waiver of defects, and the objection cannot be made at the trial.

The assured agreed with the adjuster of the defendant company to submit to a third person the question of the amount of damage done to the property insured by reason of a fire, upon a promise by the adjuster to pay the cash so soon as a letter could go to Cincinnati and return. The referee found the loss to be four thousand dollars, but this sum was never paid; nor did the parties expressly, mutually and concurrently agree to abide by his appraisal; *held,* that this transaction was not one that would preclude an action upon the policy and compel a resort to a suit upon the award.

ON REPORT.

ASSUMPSIT, upon a policy of insurance issued by the defendant company to Patterson & Haines of Saco, Me., upon a quantity of ice, estimated at seven thousand tons, stored in their ice houses upon the banks of the Saco river, in Saco. The policy was issued July 3, 1872, for thirty-five hundred dollars. It was expressed by it that the Triumph Insurance Company "doth insure Patterson & Haines" against loss or damage by fire, to the amount above stated for four months, on the before mentioned property, the situa-

tion of which is particularly described, "Patterson's interest payable in case of loss to Benjamin Patterson to the amount of his claim."

Upon the twenty-sixth day of September, 1872, the ice houses were burned, about a third of the ice melted and the rest so covered with smoke and left so unprotected as to be of no market value, as was shown by the testimony.

At the trial, in the superior court in this county, the defendants contended that an action upon the policy could not be maintained except by making Benjamin Patterson a party plaintiff; also that the proofs of loss were insufficient and that the controversy between these litigants had been submitted to an arbitrator upon whose award suit should have been brought, instead of upon the policy.

T. H. Hubbard, an attorney of York county, was called as a witness by the plaintiffs and testified that this claim against the defendants was left with him for collection by Patterson & Haines; and that this action was commenced with the consent of Benjamin Patterson.

Proofs of loss were seasonably made and no objection taken to their sufficiency until the cause came to trial, when several objections were raised, which, in the view taken by the court, it is unnecessary to state.

After notice of the loss the company sent one Whittaker, a professional insurance adjuster, to Saco to inquire into the loss, its extent, &c., and to make report to the home office.

Ferguson Haines, one of the plaintiffs, testifying in his own behalf, said upon cross-examination (among other things): "I never had any settlement with Whittaker. We had an adjustment which was referred to R. M. Chapman of the Biddeford National Bank. We were both present at the hearing. The report of the referee was that we should have four thousand dollars for the whole insurance." Further cross-examined, at a later stage of the trial, he said: "Whittaker and I were present and made statements before Mr. Chapman, and he made a decision. I communicated with the company after that—sent them the telegram

shown me," which was as follows, (omitting the date, address and signature,) "Our proofs of loss was made October eighth. By terms of reference it was to be cash January first. What means your delay ? "

Mr. Haines continued his statement upon this branch of the case: "There was an agreement to refer it to Chapman. It was not in writing. Chapman's decision was in writing, I think, but it was not delivered to me. Whittaker agreed to give me the cash as soon as a letter could go to Cincinnati and return. I waited ten days and at the end of that time I sent this despatch. I received no answer, and then I wrote them and received no answer. After the reference Whittaker said he was not at liberty to pay cash. Whittaker said he regarded the decision of Chapman as in the nature of an appraisal. Afterwards he said he would not pay it."

After the evidence was all taken out, by the agreement of parties a verdict for the plaintiffs was taken for the full amount claimed, $3693.67, being the amount of the policy and interest, which was to stand if upon the evidence, or so much of it as was legally admissible in the opinion of the full court, the action could be maintained; if not, a nonsuit was to be entered, or such judgment as the legal rights of the parties required.

*Edwin B. Smith* for the plaintiffs.

The verdict is to stand if, upon any view of the evidence, it is tenable. *Irons* v. *Field*, 9 R. I., 216.

Suit is properly brought in the names of the assured, by consent of Benjamin Patterson. 2 Parsons on Mar. Ins., 448, note 1; 2 Phillips on Ins., § 1965; *Farrow* v. *Commonwealth Ins. Co.*, 18 Pick., 53 ; *Turner* v. *Quincy Ins. Co.*, 109 Mass., 568. It has been held that it can only be so brought. *Woodbury Savings Institution* v. *Charter Oak Ins. Co.*, 29 Conn., 374.

It is the ordinary case of a promise to one for the benefit of another, upon which either can sue. *Motley* v. *Manufacturers Ins. Co.*, 29 Maine, 337.

Objections (if any existed) to the proof of loss were waived. *Bartlett* v. *Union Mutual Ins. Co.*, 46 Maine, 500 ; *Lewis* v. *Mon. Fire Ins. Co.*, 52 Maine, 492 ; *Walker* v. *Metropolitan Ins. Co.*, 56 Maine, 371 ; *Bailey* v. *Hope Ins. Co.*, Id., 474.

What passed before Mr. Chapman was not a binding reference. He merely estimated damages. Whittaker had no authority to refer and the company refused to recognize his action. Indeed, he repudiated himself after the amount was stated.

*Howard* & *Cleaves* for the defendants.

One-half of the money to be paid under this policy belonged to Benjamin Patterson ; then he certainly must be a necessary party to a suit for its recovery. Otherwise, the company is liable to be sued again by him upon this contract.

The proofs of loss are fatally defective in that they are not signed nor sworn to by Alfred Patterson, or any one in his behalf ; there is no proof of firm loss ; nor is Benjamin Patterson's interest stated. There is no statement of the ownership of the realty, nor where the "other insurance" is placed.

Suit should have been upon Chapman's award, and not on the policy. It was a submission of the damages only, then he found a loss of but $4000 upon the insurance of $4500 on the ice, and the verdict against us should have been only in that proportion.

WALTON, J. This is an action upon a policy of insurance against fire. By consent a verdict was taken for the plaintiffs, which is to stand if upon the evidence, or so much of it as is legally admissible, the full court is of opinion that the action is maintainable.

I. It is objected that the action cannot be maintained in the names of these plaintiffs because the loss, if any, was made payable to a third party. No authority is cited in support of this proposition, and the contrary seems to be well settled. *Farrow* v. *Commonwealth Ins. Co.*, 18 Pick., 53.

II. It is objected that the proofs of loss furnished the defendants were defective. This objection comes too late. It is now well settled that when a defective notice of loss is received by an insur-

ance company, they must immediately inform the insured of the supposed defects, and insist upon more formal proofs, or the defects will be regarded as waived. No such information appears to have been given the insured in this case. The defects, if any, must therefore be regarded as waived. *Bartlett* v. *Union Mutual Ins. Co.*, 46 Maine, 500; *Walker* v. *Metropolitan Ins. Co.*, 56 Maine, 371.

III. The third and last objection to the maintainance of the suit is that the claim was referred before action brought, and that the action should have been upon the award and not upon the policy. We fail to find the evidence of such a submission and award as would be binding upon the parties. It appears that there was an appraisal of the amount of the plaintiffs' loss, made by a Mr. Chapman, and that this was done by agreement of the plaintiffs and a Mr. Whittaker who was acting as an adjuster for the defendants. But there is no proof that the parties agreed to be bound by the reference; and it was settled in *Houghton* v. *Houghton*, 37 Maine, 72, that such proof is necessary to make the award a bar to an action on the original claim, when, as in this case, the submission is by parol. Nor is there any evidence that Whittaker was authorized by the defendants to submit the claim to arbitration. Nor is there any evidence that either Whittaker or the defendants were willing to be bound by the decision of the referee. On the contrary it appears that they declined to abide by it, or to pay the amount awarded. We think it is therefore clear that the supposed arbitration of the claim in suit is no bar to this action.

These are all the objections made by the learned counsel for the defendants to the maintenance of the suit. In the opinion of the court none of them are tenable. Upon the evidence legally admissible in the case, the court is of opinion that the action is maintainable. The verdict must therefore stand, and judgment be rendered upon it.     *Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.