*G. W. Morse*, for the defendant.

*S. H. Dudley*, for the plaintiff.

---

CITY FIVE CENTS SAVINGS BANK *vs.* PENNSYLVANIA FIRE INSURANCE COMPANY.

Suffolk. Nov. 20, 1876. — March 1, 1877. AMES & ENDICOTT, JJ., absent.

A policy of insurance against fire, in which A. was named as the assured, was made payable, in case of loss, to B., who was in fact a mortgagee of the property insured. The policy provided that if the assured should procure any further insurance, or sell, transfer or mortgage the property without written notice and consent of the company, the policy should be null and void, and that in case of such further insurance the assured should recover only a *pro rata* proportion of the actual loss. It contained also a special provision that " no sale or transfer of the property hereby insured shall vitiate the right of the mortgagee to recover in case of loss." A., after the issue of the policy, made a second mortgage on the property, without the consent of the company, to one who afterwards entered to foreclose, and who procured additional insurance in another company on the same, also without such consent. Subsequently the property was injured by fire, and the amount of the loss was adjusted and found to be less than the first mortgage. B. in the proofs of loss stated that there was other insurance on the property, referring to the second policy. *Held*, in an action by B., that he was entitled to recover for the full loss ; and that the statement in the proofs of loss did not defeat such right.

CONTRACT on a policy of insurance against fire. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*S. W. Creech, Jr.*, for the plaintiff.

*C. T. Russell, Jr.*, for the defendant.

MORTON, J.  By the policy in suit, the defendant insured Wis-wall & Sons against loss or damage by fire on their dwelling-house, in the sum of five thousand dollars, " payable in case of loss to the City Five Cents Savings Bank, Haverhill, Mass.," which held a mortgage thereon for fifty-five hundred dollars. Among the printed conditions of the policy it is provided in article 3d, that if the assured " shall have, or hereafter make, any other insurance on the property herein insured, or any part thereof, without notice to and consent of this company in writing hereon," or " shall sell or transfer the property herein insured, or mortgage the same without notice to this company indorsed hereon," the policy shall be null and void ; and in article 5 it is provided that " in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon."  The policy also contains a special provision that " No sale or transfer of the property hereby insured shall vitiate the right of the mortgagee to recover in case of loss."  The plaintiff is the mortgagee named in the policy, to whom the loss was payable.

It appears by the statement of facts, that after the policy was issued, Wiswall & Sons made a second mortgage of the estate to John F. Bispham, who entered to foreclose, and after the foreclosure, (as we assume for the purposes of the case,) insured the estate in the Massachusetts Mutual Insurance Company for the sum of twenty-five hundred dollars.  After this second insurance the building was injured by fire, and the amount of the loss was adjusted and found to be thirty-nine hundred and fifty-two dollars.  The defendant contends that the plaintiff can recover only two thirds of this loss, that being the proportion which the amount of its insurance bears to the whole amount insured on the building.

If the insurance by Bispham has any effect upon the rights of the plaintiff, we do not see why it does not defeat them entirely by rendering the policy null and void, as it does not

appear that any written consent of the company was given to procure it. The first clause above quoted was intended to prevent the assured from making any other insurance without the written consent of the company, and the last clause to provide that, in the case where the assured has made other insurance with such consent, any loss which may occur should be divided *pro rata* among the different companies insuring. Neither by a fair construction implies that the rights of the parties to the policy are to be defeated or limited by the acts of strangers for which they are not responsible, and of which they have no knowledge. *Nichols* v. *Fayette Ins. Co.* 1 Allen, 63. We need not discuss the question whether the assured, Wiswall & Sons, could recover upon this policy. It would seem from the statement of facts, that they could not, because they, after the policy was issued, mortgaged the property insured without the consent of the company. And if the plaintiff stood merely in the position of a mortgagee to whom the loss was payable, it could recover nothing, because it could claim only what the assured is entitled to recover under his contract. *Franklin Savings Institution* v. *Central Ins. Co.* 119 Mass. 240, and cases cited. But the company has made a special contract with the plaintiff, by the fair construction of which we think it is entitled to recover the whole loss proved in this case, it being less than its debt.

The company has agreed that "no sale or transfer of the property hereby insured shall vitiate the right of the mortgagee to recover in case of loss." A necessary consequence of a sale and transfer of the property is that the purchaser has a right to insure his interest. Such right is an incident of his ownership. The object of the special stipulation which the mortgagee took care to procure, was to secure the insurance of its interest as mortgagee and to avoid its defeat by any sale or transfer of the property ; and by a fair interpretation of the contract it means that its right to recover shall not be vitiated by any of the natural consequences or incidents of a sale and transfer. Otherwise the stipulation is of very slight value to the mortgagee.

We are of opinion that it was not intended by the parties that the mortgagee should be affected by the acts of a purchaser, and therefore that the insurance made by Bispham does not vitiate the plaintiff's right to recover, either in whole, by

avoiding the policy as to it, or in part, by limiting its recovery to a *pro rata* part of the actual loss.

In this view of the contract it is not necessary to consider the question, argued at the bar, of the validity of the insurance made by Bispham.

The defendant contends that, as the plaintiff has stated in its proofs of loss that there was other insurance upon the property, it is bound thereby and therefore cannot recover the full loss.* If a proof of loss furnished by an assured states facts which constitute a defence, he cannot contradict those facts at the trial unless he has furnished the assurers with an amended statement before the trial. *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213. But the plaintiff in this case does not contradict the facts stated in its proofs of loss. It is clear that the honest statement of facts in the proofs of loss cannot enlarge the legal effect of the facts stated and make them a defence, if they would not otherwise be one.         *Judgment affirmed.*

---

* The clause in the proofs of loss was as follows : " That in addition to the amount covered by said policy of said company, there was other insurance made thereon, as said savings bank is informed, so that the total amount thereof, including the amount of the said policy of said company, was seventy-five hundred dollars, as specified below ; besides which there was no other insurance thereon. Said other insurance was put on for $2,500 in Massachusetts Mutual Insurance Company, and without the knowledge or consent of said savings bank."