GEORGE W. P. COATES and CHARLES E. COATES, trading as COATES & BROTHER *vs.* THE PENNSYLVANIA FIRE INSURANCE COMPANY OF PHILADELPHIA.

*Action on an Insurance Policy—Right of the Insured where the insurance is entered to the Use of another, to sue in his Own name.*

An insurance policy issued to Coates & Brother contained the clause, "loss, if any, payable to the Savings Bank of Baltimore, mortgagee." HELD:

That C. & Bro. with the express written consent of the Savings Bank of Baltimore could in case of loss, bring an action on the policy, in their own names.

APPEAL from the Court of Common Pleas.

This is an action on a policy of fire insurance, brought by the appellants against the appellee. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON, IRVING and RITCHIE, J.

*John S. Tyson,* and *Henry V. D. Johns,* for the appellants.

By electing to plead, and not to demur, the defendant admitted the legal sufficiency of the declaration. All that is necessary to maintain an action at law, is to prove the averments of the *narr.* If they were insufficient, the defendant should have demurred. *Hall, Executor vs. Bryan, Trustee,* 50 *Md.,* 210.

When evidence is offered generally, the question of its admissibility, should be determined by the averments in

the pleadings.    *B. & O. R. R. Co. vs. State, use of Wood-ward*, 41 *Md.*, 297.

The excluded evidence tended to prove the averments in the *narr.*, and should have been admitted—and this is decisive of this appeal.

The form of the action is proper.    In the fourth volume of Wait's Actions and Defences, page 84, the law is stated as follows:

1st. If the policy is payable in case of loss, to a third person, he may sue in his own name.

2nd. But the insured may sue in his own name with the consent of the person to whom the policy is payable.

Cases are cited sustaining both of these propositions—and *none* to the *contrary* of *either*.

The Supreme Court of Maine, in the case of *Motley vs. Manufacturing Insurance Company*, 29 *Maine*, 337, announces the first of these propositions as law.    And the Court of Appeals of Maryland in *Nat. F. I. Co. vs. Crane*, 16 *Md.*, 292, and in *Hough, &c. vs. Peoples Fire Ins. Co.*, 36 *Md.*, 431 concur.

The Supreme Court of Maine, in the case of *Patterson vs. Triumph Insurance Company*, 64 *Maine*, 500, decided in 1876, Chief Justice WALTON, with five associate Judges concurring, announce the second proposition to be equally correct law, and use the following language: "It is objected that the action cannot be maintained in the names of these plaintiffs, because the loss if any, was made payable to a third party.    No authority is cited in support of this proposition, and the contrary seems to be well settled."    Judge WALTON refers to 18 *Pick.*, 53, in which case Judge PUTMAN, with whom Chief Justice SHAW, and Judges WILDE and MORTON concur, says, on page 56, "this matter seems however, too clear to require the citation of authorities to support it."    1 *Saunders on Pl. and Ev., marginal*, 142, and cases cited; *Martin vs. Franklin Insurance Company*, 38 *N. J.*, 140; *Jackson vs.*

*Farmers' Mutual Insurance Company,* 5 *Gray,* 57, (1855)—Judge Metcalf below, Chief Justice Shaw above. *Turner vs. Quincy Insurance Company,* 109 *Mass.,* 573, (1872;) *Hall vs. Dorchester Insurance Company,* 111 *Mass.,* 55, (1875.) To the reasoning of Judge Woodruff, in the case of *Grosvenor vs. The Atlantic Fire Insurance Company,* 5 *Duer,* 522, &c., and 528.

The right of the assignee of a *chose in action* to sue in his own name, under sec. 41, of Art. 64 of the Revised Code of Maryland, is merely cumulative. See *Canfield, &c. vs. McIlwaine, et al.,* 32 *Md.,* 100; *Hampson vs. Owens,* 55 *Md.,* 583.

To relieve the defendant from liability, in case the assignee of a *chose in action* sues in common law form, and doubts are entertained that the suit is with the consent of the assignee, the defendant may file a bill of interpleader. See 60 *N. Y.,* 624. It was to render such solicitude upon the part of the defendant, legally impossible, that the declaration contained the averment of consent, and that the excluded evidence was furnished by the plaintiffs, constituting, as that instrument over the corporate seal and official signature of the corporate assignee, did, an effectual estoppel *in pais* as to a demand for payment from it in any other form.

But independently of any of the considerations hereinbefore urged, these plaintiffs are entitled to bring this suit in their own names, under the theory that they may be regarded as assignees in writing of a *chose in action* under the legal operation of the paper offered in evidence, executed by the Savings Bank of Baltimore. 1 *Parsons on Contracts,* 192; *Bouvier's Law Dic.,* 14 *Ed.,* "*Chose in Action,*" sec. 5; 19 *Wend., N. Y.,* page 73—in which case Judge Cowan holds, that such an instrument operates in the case of an ordinary *chose in action,* as an assignment.

The assignee of an assignee of a *chose in action,* has a right, under the provision of the Code, to sue in his own name. *Poe on Pleading and Practice,* 239.

Coates & Brother *vs.* The Penn. Fire Ins. Co. of Philadelphia.

*John Carson,* for the appellee.

The insertion in the policy of the words, loss, " if any, payable to the Savings Bank of Baltimore, mortgagee," *is an assignment to the Bank of the policy at its inception, with the consent of the company. National Fire Insurance Company vs. Crane,* 16 *Md.,* 293; *Hough, &c. vs. President, &c., People's Insurance Company,* 36 *Md.,* 399; *Brown vs. R. W. Insurance Company,* 5 *R. I.,* (2 *Ames,*) 394; *Woods on Insurance, sec.* 104, *page* 230, *sec.* 347, *page* 583; *Flanders on Fire Insurance,* 441; *Bidwell, et al. vs. St. Louis F. D. & Ins. Co.,* 40 *Mo.,* 42; *Franklin vs. National Insurance Company,* 43 *Mo.,* 491.

Such an assignee may recover the whole loss, and is trustee as to any surplus for the assignor. *Hough, et al. vs. President, &c., People's Insurance Company,* 36 *Md.,* 399; *Cone vs. Insurance Company,* 60 *N. Y.,* 625.

The mortgagee has his right of suit, whether his debt be paid or not, as that question only affects his account with the mortgagor. *Brown vs. R. W. Insurance Company,* 5 *R. I.,* (2 *Ames,*) 394.

The right of suit is in the assignee alone. *Cone vs. Insurance Company,* 60 *N. Y.,* 625; *Charter Oak L. I. Co. vs. Smith,* 43 *Wis.,* 329.

After such an assignment, Coates & Bro. could not adjust the loss, or submit that question to arbitration; that right belonged exclusively to the bank. *Brown vs. R. W. Insurance Company,* 5 *R. I.,* (2 *Ames,*) 394; *Harrington vs. Fitchburg Marine Insurance Company,* 124 *Mass.,* 126.

After such an assignment, the bank would be charged with the duty of collecting the insurance money, the same as any other collateral held by it, and on its failure or neglect to do so, it would be chargeable therewith, and be liable for any loss. *Charter Oak L. I. Co. vs. Smith,* 43 *Wis.,* 329.

The whole legal and beneficial interest under the policy being in the bank by the original assignment, the bank

could sue upon the policy under our assignment law, either in its own name, or in the name of Coates & Bro. for its use. Either would have been the bank's suit. But the present suit is that of Coates & Bro., brought in their name, and for their use alone, upon the consent of the bank stated in evidence, and such consent alone could confer no right of action; there must be *a re-assignment of the policy* to give that right of action.

In bringing this suit, it is evident that the plaintiffs' counsel relied on certain Massachusetts cases. *Jackson vs. Farmers' M. T. I. Co.,* 5 *Gray,* 52; *Turner vs. Quincy Insurance Company,* 109 *Mass.,* 573; *Farrow vs. C. I. Co.,* 18 *Pick.,* 53.

These cases would seem to give countenance to the doctrine that Coates & Bro. could sue upon the consent offered by them in evidence.

Admitting the Massachusetts doctrine to the fullest extent that can be claimed for it, it is not law in Maryland, and has no application to a case arising in Maryland. Massachusetts has no assignment law, such as we have in Art. 9, Code of Pub. Gen. Laws. *In Massachusetts an assignment is only regarded as creating an equitable right, to be enforced in the name of the assignor. Gibson vs. Cooke,* 20 *Pick.,* 15; *Palmer vs. Merrill,* 6 *Cush.,* 287; *Angell vs. Stone,* 110 *Mass.,* 54; *Foss vs. Lowell Fifth Bank,* 111 *Mass.,* 287; *Stearns vs. Quincy Insurance Company,* 124 *Mass.,* 61; *Walker vs. Brooks,* 125 *Mass.,* 247.

The only case in Massachusetts in which the assignee can sue in his own name is where the Court can, from the assignment and the attendant circumstances, make out a new contract between the insurance company and the assignee; and then he sues not by force of the assignment, but of the new contract. *Tripp vs. Pacific Insurance Company,* 7 *Allen,* 230; *Donahue vs. Boston,* 126 *Mass.,* 308.

This is an exception in insurance law, not recognized out of Massachusetts, and not in harmony with Maryland

law, which holds that the title of the assignee is no better or stronger than that of the assignor. *The Citizens F. I., S. & L. Co. vs. Doll*, 35 *Md.*, 89.

In Massachusetts in this case the bank would have had no legal rights under the assignment; its rights would have been purely equitable; it could not have sued in its own name, and Coates & Bro. alone could have sued.

They could have sued without the bank's consent, and the only effect of that consent was to entitle the assignor to costs against the company. *Jackson vs. F. Mutual Ins. Co.*, 5 *Gray*, 52.

As the assignment passes no right of suit to the assignee, the consent of the latter becomes immaterial. This whole question is settled in Maryland by *Hough, et al. vs. Peoples' Fire Ins. Co.*, 36 *Md.*, 399, which holds that the assignee may sue for the whole- -and as to any surplus, is trustee for the assignor.

RITCHIE, J., delivered the opinion of the Court.

The single question to be determined on this appeal is whether the plaintiffs, to whom the policy of insurance on which they seek to recover, was issued by the defendant, are entitled to maintain this action in their own name, because of the policy's containing the clause, "Loss, if any, payable to the Savings Bank of Baltimore, mortgagee," notwithstanding the mortgagee had given its written consent to the plaintiffs, so to bring the suit, and such consent was averred in the *narr*.

The plaintiffs were the party with whom the company contracted; were the owners of the property insured, when the policy was issued, and at the time of the loss, and had paid the intermediate renewals by which the policy was kept in force.

There was no consideration moving from the mortgagee to the company; and the company assumed no enhanced risk or burden in consenting to pay the insurance money

to the mortgagee. This application or disposition of the money was an arrangement, in substance, as between the assured and the mortgagee, for the greater security or indemnity of the latter, and was not of the essence of the company's obligation. The right to the money really accrued to the assured, in case of loss, by virtue of their having been the contracting party; of their property being the subject of the insurance; and of their having paid the premiums which constituted the consideration. But because of their direction simply, incorporated at their instance in the policy, and not because of any independent liability incurred to the mortgagee by the company, the mortgagee was designated as the recipient of the payment, though in fact such payment enured to their own benefit.

It is true, that by reason of this provision, the mortgagee acquired such an interest under it, that suit could have been brought by it, had it so elected. "If, (says BULLER, J.,) one person makes a promise to another for the benefit of a third, that third may maintain an action upon it." 3 *Bos. & Pul.*, 149, *in notis.* "In policies of insurance, it is a common practice to bring your action, either in the name of the party by whom the contract was made, or of the party for whom the contract was made." Per BAYLEY, J., *Sargent vs. Morris*, 3 *Barn. & Ald.*, 281.

The designation of a party to whom the money shall be paid over, does not destroy the legal right of the party, through whose contract the right to have the money has accrued, to demand it himself when there has been a failure to so pay it over.

Of course, the company, in a case like the present, if willing to pay, is interested in not having to pay the money twice.

The payment to the third party would be a good plea in bar. Or his written consent that the original party to the contract may sue for himself, as in this case, is a waiver

Coates & Brother *vs.* The Penn. Fire Ins. Co. of Philadelphia.

or estoppel sufficient to protect the company, should such third party also attempt to bring suit. Indeed, if apprehensive of suits by both parties, the payment of the money into Court would be a ready and adequate means of protection against separate demands. But, where, as in the present instance, the party assured brings the suit with the express consent, distinctly alleged, of the party indicated to receive the money in case of loss, no risk can be incurred by the defendant in pleading to the merits. A judgment in such a case would be a plain bar to any further demand.

The following citations support the view we take of this case.   18 *Pick.*, 56; 20 *Pick.*, 265; 5 *Gray,* 52; 64 *Me.*, 503; 12 *Cush.*, 541; 109 *Mass.*, 573; 38 *N. J. L.*, 140; *Flanders on Ins., ch. xv, sec.* 7; 1 *Jones on Mort.*, 408.

The exception to the Court's refusal to admit the proof offered by the appellants having been well taken, *the judgment is reversed and the cause remanded.*

*Judgment reversed, and*
*cause remanded.*

(Decided 22nd March, 1882.)