## FRANKLIN INSURANCE COMPANY *v.* WOLFF.

[No. 2,800. Filed Oct. 6, 1899. Rehearing denied Dec. 20, 1899.]

INSURANCE.—*Action by Mortgagee on Fire Policy.—Pleading.*—A mortgagee to whom a fire policy is payable may, where the mortgage debt exceeds the amount of the policy, prosecute an action on the policy in his own name, if the insured is made a party defendant.  *p. 550.*

PLEADING.—*Answer.—Joint Demurrer.*—A demurrer stating that "plaintiff demurs to the second and third paragraphs of defendant's answer, on the ground that said paragraphs do not state facts sufficient," etc., is a joint demurrer; and if one of the paragraphs is good the demurrer must be overruled as to the other.  *pp. 552, 553.*

INSURANCE.—*Rights of Mortgagee to Whom Insurance is Payable.*—A mortgagee to whom a loss is payable as his interest may appear is not an assignee of the policy in the sense that a new contract of indemnity is created with the insurer. Such mortgagee is therefore bound by a clause in the policy prohibiting other insurance of the property by the insured.  *pp. 553-557.*

SAME.—*Assignment of Void Fire Policy.—Rights of Assignee.*—The rule of law that the assignment of a fire policy by consent of the

insurer makes a new contract, and that defenses available against the assignor cannot be pleaded against the assignee is not applicable to a policy void in its inception.    *p. 557.*

From the LaPorte Superior Court.   *Reversed.*

*James F. Gallaher,* for appellant.
*C. R. Collins* and *J. B. Collins,* for appellee.

Robinson, J.—Appellant issued a fire policy on certain property to Harry B. Tuthill who afterwards conveyed it to one Haney and indorsed the policy to him; Haney then mortgaged the property to appellee, and with appellant's consent the policy was made payable to appellee in case of loss.   The property burned, and the mortgagee, appellee, sued, making appellant and the mortgagor defendants.

The two paragraphs of complaint are alike except one avers that proof of loss was made, and the other that it was waived by appellant's denying liability.   The first question presented is whether the mortgagee may sue.   From the complaint it appears that the mortgage debt then owing exceeds the amount named in the policy.   It thus appears that the mortgagee is entitled to receive the benefits of the suit, and that he is the real party in interest, and as such the suit may be prosecuted in his own name.   §251 Burns 1894.

In *Home Ins. Co.* v. *Gilman,* 112 Ind. 7, the owner of the property and mortgagee joined in a suit for a fire loss.   The amount of the loss exceeded the mortgage debt.   In holding that they might join in the action the court said: "It was the interest of each that the other should recover, as well as that he should recover himself.   A recovery by the mortgagee inured to the benefit of his co-plaintiff, in that it established a common right.   The amount recovered by the mortgagee went in liquidation of the mortgagor's debt, while a recovery by the latter had a like effect upon the common right, and entitled the former to receive payment out of the sum recovered as his interest in the fund might appear.   Each was, therefore, interested in the relief sought by the other, and

as both appeared upon the face of the policy to have a common interest, neither being entitled to the whole fund, it was proper for the protection of the defendant that both should be parties. 'It was not so material whether they were plaintiffs or defendants, so that their rights under the contract would be barred by the event of the suit.' "

In the case at bar the insurer had contracted with the insured, and, upon certain contingencies, agreed to pay the loss to a third person. We see no reason for denying him the right to maintain an action on such promise in his own name when he shows he is entitled to recover the full amount of insurance. His debt exceeds the amount of insurance. Nothing is due the insured. The insured is a necessary party, but under the facts pleaded it is not material whether he is joined as plaintiff or made a defendant. He is made a party to answer as to his interest, and whatever rights he may have will be barred by the event of the suit. See *Hammel* v. *Queen's Ins. Co.,* 50 Wis. 240; *Maxcy* v. *New Hampshire Ins. Co.*, 54 Minn, 272; *Bartlett* v. *Iowa, etc., Ins. Co.*, 77 Iowa 86; *Tilley* v. *Connecticut Ins. Co.*, 86 Va. 811; *Motley* v. *Manufacturers Ins. Co.*, 29 Me. 337; May, Insurance, §449; Ostrander on Fire Ins., (2nd ed.), p. 355; Beach on Ins., §1285; Joyce on Ins., §3612; 1 Jones Mortgages, §408.

It is clear that in the case at bar the owner and the mortgagee could have joined as plaintiffs. Appellant has not shown in what way it has been harmed, or could be harmed, by permitting the mortgagee to sue alone, making the owner a defendant. A party asking a reversal must show the ruling to have been such as was or might have been harmful to him. *Louisville, etc., R. Co.* v. *Lange*, 13 Ind. App. 337.

In the case of *Aetna, etc., Ins. Co.* v. *Baker*, 71 Ind. 102, Baker owned the property insured, on which was a mortgage to Ellsworth, who procured a policy of insurance on her interest as mortgagee, loss payable to her. It was shown by

the facts that Baker was the equitable assignee of the policy, and as such it was held the suit was properly prosecuted in his name.

There was no error in overruling the demurrer to the complaint.

The defendant Haney answered admitting the facts averred in the complaint to be true, and disclaiming any interest in the policy sued on.

Appellant company answered in denial, and special answers in a second and third paragraph. The second paragraph pleaded subsequent additional insurance by Haney without appellant's consent, and a tender of the premium paid appellant. The third paragraph alleged that when the policy was issued to Tuthill he did not own the property in fee nor was he such owner when he assigned the policy to Haney, nor did Haney when the policy was assigned, nor when the mortgage was given, own the property in fee, of which facts appellant had no knowledge; also pleading a tender of the premium paid.

To these answers the following demurrer was filed. "The plaintiff demurs to the second and third paragraphs of the defendant the Franklin Insurance Company's answers on the ground that the said paragraphs do not state facts sufficient to constitute a defense to plaintiff's complaint." This demurrer was sustained as to the second, and overruled as to the third paragraph. The demurrer is a joint demurrer. *Gilmore* v. *Ward*, 22 Ind. App. 106; *Stanford* v. *Davis*, 54 Ind. 45; *Meyer* v. *Bohlfing*, 44 Ind. 238; *Washington Tp.* v. *Bonney*, 45 Ind. 77; *Cooper* v. *Hayes*, 96 Ind. 386.

It is argued that the error assigned on this ruling that "The court erred in sustaining appellee's demurrer to the second paragraph of the answer of this appellant," presents no question. The assignment corresponds with the ruling. The court ruled as though the demurrer was several, and it is on this ruling the error is predicated.

In *Colles* v. *Lake Cities Electric R. Co.*, 22 Ind. App.

86, a joint demurrer addressed to a third and fourth paragraph of answer was overruled, and it was held that no question was presented by an assignment of error that "the court erred in overruling appellant's demurrer to the third paragraph of appellee's answer," and that. "the court erred in overruling appellant's demurrer to the fourth paragraph of appellee's answer." The reason given is that the court made no such ruling as was assigned as error. The ruling was joint and the error assigned must correspond. But in the case at bar the ruling was several and on this the error must be predicated.

The demurrer being joint, the answers must all stand or fall together. It is insisted by appellant that both answers are good.

The policy contained the provision that "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not on property covered in whole or in part by this policy." The second paragraph pleads a violation of this condition by Haney to whom the policy was assigned by Tuthill, and by whom the mortgage was given to appellee. It is argued by appellant that if Haney had sued in his own behalf this answer would prevent his recovery, and that appellee occupies no better position than Haney would.

It is well settled that a contract of insurance is personal, and does not run with the property insured. The insurer agrees to indemnify the person insured against the loss of his property by fire. *Nordyke, etc., Co.* v. *Gery*, 112 Ind. 535, 5 Am. St. 271.

In *Continental Ins. Co.* v. *Munns*, 120 Ind. 30, the court said: "It is abundantly settled that upon a sale and transfer of property covered by a policy of insurance, and an assignment of the policy to the purchaser, duly assented to by the company, a new and original contract of indemnity arises between the insurance company and the assignee, which the

latter may enforce without regard to what may have occurred prior to the assignment. The policy, it is said, in such a case, expires with the transfer of the estate, so far as it relates to the original holder, but the assignment and assent. of the company thereto constitute an independent contract with the purchaser and assignee, the same in effect as if the policy had been reissued to him upon the terms and conditions therein expressed."

·The reason underlying the above well settled rule is that the assignor, upon the assignment, entirely ceases to be a party to the contract. He has disposed of all his interest. The company can be liable to him in no event. It needs no protection from the hazard of over-insurance or encumbrances so far as he is concerned. If there is a loss he can have no interest whatever in a suit for its collection. A new contract has been made and with its enforcement he has nothing to do.

But a mortgagee, to whom a loss is payable as his interest may appear, is not an assignee in the above sense. The contract is still between the company and the mortgagor. It is the mortgagor's interest that is insured. He has not ceased to be a party to the original contract. If the property burns it is his loss, not the mortgagee's. The effect of the mortgage clause is that the company agrees, if money becomes due the mortgagor under the contract, to pay it to the mortgagee instead of paying it to the mortgagor himself. · If such a clause is an assignment the assignor's interest is gone, but when there is a loss there may be no mortgage debt. While the doctrine declared in the Munns case is clearly the law, it does not apply to the case at bar. The contract which the mortgagee seeks to enforce is between the insurer and the mortgagor, and to establish his right to recover he must necessarily show that the mortgagor has performed his part of the contract. If he has done some act which avoids the insurance both his and the mortgagee's right to recover is cut off. The mortgagee can recover only in case the mort-

gagor could have done so. See *Palmer Savings Bank* v. *Insurance Co.*, 166 Mass. 189, 44 N. E. 211; *Sun Fire, etc.* v. *Clark*, 53 Ohio St. 414, 42 N. E. 248; May Insurance, §§272, 273; 1 Jones Mortgages, §406; *Froehly* v. *Insurance Co.*, 32 Mo. App. 302.

The paragraph of answer alleges that after the issuance of the policy "Haney entered into and procured another contract of insurance in another company and on the same property" without the consent of, or notice of any kind to, appellant. The policy provides that additional insurance avoids the contract, and if it was avoided by such insurance it was avoided when the insurance was taken, and it is held that it is immaterial whether the new policy was still in force when the loss occurred or not. *Replogle* v. *American Ins. Co.*, 132 Ind. 360.

It is true in the case at bar the policy contains two provisions concerning a mortgagee which must be construed together. One of these reads: "Loss, if any, under this policy payable to Charles Wolff, mortgagee, as his interest may appear." This is signed by the agent who signed the policy and bears date subsequent to date of policy. The other provision contained in the main body of the policy is: "If with the consent of this company an interest under this policy shall exist in favor of a mortgagee, or of any person or corporation having an interest in the subject of insurance other than the interest of the insured, as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interests as shall be written upon, attached, or appended hereto."

These provisions have been construed by the supreme courts of Illinois and Nebraska, in *Queen Ins. Co.* v. *Dearborn, etc., Assn.*, 175 Ill. 115, 51 N. E. 717; and *Oakland, Home Ins. Co.* v. *Bank of Commerce*, 47 Neb. 717. In those cases it is held that under these provisions the mortgagee's rights under the policy are affected by conditions

expressed in the policy only where there was written upon, attached, or appended to the policy some provision or condition rendering such conditions of the policy applicable and defining the manner of their applicability; and that if the clause contained no such provision, the mortgagee might recover to the extent of his interest, regardless of acts of the owner which might as between him and the insurer defeat a recovery.

These cases are based upon the premise that there exists between the insurer and the mortgagee a contract of insurance distinct from that which existed between the company and the owner. With this we can not agree. There is no consideration moving from the mortgagee to the insurer. The company's obligation is to the mortgagor. Under certain conditions the mortgagee acquires an interest, but the arrangement to pay the mortgagee is not of the essence of the company's obligation. If a new contract was executed, the old one ceased to exist. The mortgagee's rights under the policy are conditional. It is so stated in the mortgage clause. If these conditions cease to exist his rights go with them. He may cease to have any rights under the policy, and all rights be in the mortgagor, and this without the knowledge or consent of the insurer. If a new contract has been made with the mortgagee, this could not be done. Following the reasoning of those cases to its logical conclusion, mortgagees might enforce their demands under policies regardless of the amount of over-insurance contracted for by the owner and mortgagor. As we construe the policy in suit the mortgagee's interest is not protected by the terms of the policy against any acts of the mortgagor. See, also, *Coates* v. *Pennsylvania Ins. Co.*, 58 Md. 172, 48 Am. Rep. 327; *Jackson* v. *Farmers, etc., Ins. Co.*, 5 Gray (Mass.) 52; *Turner* v. *Quincy Ins. Co.*, 109 Mass. 568; *Patterson* v. *Triumph Ins. Co.*, 64 Me. 500; *Martin* v. *Franklin Ins. Co.*, 38 N. J. L. 140; *Bank* v. *Pennsylvania Ins. Co.*, 122 Mass. 165; 2 Wood, Fire Ins. p. 370; Ostrander on Fire Ins. (2nd ed.), p. 339; Joyce Ins., §2320.

The better reasoning leads to the conclusion that a defense of subsequent additional insurance against the insured is good against his mortgagee. In the absence of a stipulation in the policy protecting the mortgagee against the acts or default of any person other than himself or agent, he can have no better right to recover than his mortgagor would have had. The second paragraph of answer is good against a demurrer, and sustaining the demurrer to this paragraph was error.

The third paragraph of reply to the third paragraph of answer admits that when the policy was issued Tuthill was not the owner of the legal title to the property insured; that the policy was issued January 30, 1895, to run three years; that afterwards, February 26, 1896, Tuthill conveyed the property by warranty deed and for valuable consideration to Haney, and on the same day appellant assented to the assignment of the policy and to the mortgage clause; that appellant, when the policy was first issued, knew that Tuthill was not the owner of the legal title to the property, and knew that fact when the policy was assigned to Haney. The complaint averred Tuthill was the owner, and the policy filed as an exhibit required the insured to be the owner in fee simple.

The assignment of the policy, with the company's consent, to Haney made a new contract between him and the company, and defenses available against the assignor could not be pleaded against the assignee. *Continental Ins. Co.* v. *Munns*, 120 Ind. 30. But this rule should not be extended to a policy void in its inception. If the policy was void when issued because the insured had no insurable interest, it can not be said that a subsequent assent to an assignment made it valid. The reply admits that Tuthill was not the owner of the legal title to the property, and fails to allege that he had any insurable interest, or that he had any interest. As a reply to an answer alleging that he was not the owner, it was bad against a demurrer. Judgment reversed.

Henley, J., absent.