Gunter, J.
One Hubbard owned improved real estate; gave a trust deed thereon to secure an indebtedness, $1,150; took a policy on the improvements, a building, and assigned it as collateral for above debt. The policy insured Hubbard in the sum of $700 against loss of the building by fire and provided:
“This company shall'not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value. * * * Said ascertainment or estimate shall be made by the insured and this company, * * *
Also contained the union, or standard, mortgage clause, the pertinent part of which is:
“It is agreed that any loss or damage that may occur under this policy shall be payable to Kirk H. Field, trustee, * * * as interest may appear, and that this insurance as to the interest of said trustee shall not be invalidated by any act or neglect of the grantors in the * * # trust deed. ’ ’
*70 The building was destroyed by fire, and the trustee sued to recover the amount of the loss, $700. The answer set up that after the loss said Hubbard and the defendant agreed upon the amount thereof as $375, and it made tender of such amount. To review alleged error in sustaining a demurrer to such defense, is this proceeding.
Was the trustee bound by the act of the owner Hubbard in so fixing the amount of the loss? That he was not, the authorities are agreed.
In Hastings et al. v. Westchester Fire Ins. Co., 73 N. Y. 141, plaintiffs, as collateral to a debt secured by mortgage, held an insurance policy endorsed payable to them in case of loss, and further endorsed, “ It is hereby specially agreed that this insurance, as to the interest of the mortgagees only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured * . * * . ”■ The policy also contained this provision, “In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon * * * Prior to the insurance of the policy held by plaintiffs the owner unknown to plaintiffs had taken out other insurance on the property covered by the mortgage. Loss occurred, and plaintiffs sued on the -policy held by them for the full amount provided therein. Defendant company set up the other insurance, claiming that the amount of loss should be pro rated with the other company carrying insurance, and that a recovery against it should be abated accordingly. Plaintiffs contended that under the union mortgage clause they were unaffected by the act of the mortgagor in taking out other insurance, and that the contribution *71 clause was therefore not. applicable to them.- Their contention prevailed, the court saying inter alia:
“The legal effect of the mortgage clause was that the defendant agreed that in case of loss it would pay the money directly to the mortgagees, and they were thus recognized as a distinct party in interest. It created a new contract from that time with the mortgagees, the terms of which most clearly indicate that it had no relation to the application of the condition referred to. The insurance had been to the owner, and the additional provisions, which were incorporated in the policy by the mortgage clause, created a distinct contract with the mortgagees. * * * The mortgage clause • * * * created an independent and new contract, which removes the mortgagees beyond the control or the effect of any act or ’neglect of the owner of the property, and renders such mortgagees parties who have a distinct interest separate from the owner, embraced in another and different contract.”
In Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439, P. gave his note and to secure same trust deed on real estate. He also took an insurance policy containing the above union mortgage clause and the contribution clause, in case of other insurance and loss; also a provision for an appraisement of the loss by agreement between the mortgagor and the company: Later P. took out other insurance. Loss occurred. Trustee Olcott sued on the policy. Defendant company set up as a defense the provisión as to contribution and appraisement of the loss by agreement between said P. and the company. Both defenses were disallowed, the court in the course of the opinion saying:
“The next question is, * * * is the * * * bank bound by the acts of P. and his wife in obtaining to themselves and for their own benefit the four *72 additional policies of insurance, and in submitting the question of the amount of damages to appraisers 1 If it is thus bound it is manifest that notwithstanding the bank had a separate and distinct legal interest in the insurance, that interest might be so impaired by the acts of P., over whom it had no legal control, as to be practically worthless. * * * The mortgage clause distinctly recognizes, as we have before seen, an interest separate from that of P. in the insurance, and that this interest is for the security of the holder of the note, whoever he may be. * *. * In effect there are two distinct contracts of insurance; one by the mortgagor, the other by the mortgagee, and this view gives full force to all the language, and none other will. * * We perceive no reason for holding as contended by counsel for appellant, that the word ‘invalidate’ should be held to mean a forfeiture of the policy for every purpose, and not simply its impairment. The same reason existed for not allowing it to be thus impaired, as totally forfeited. * * # The same reasoning which shows that the bank is not to be affected by the act of P. in obtaining the additional insurance also shows that it is not to be affected by his act in submitting the question of loss and damage to the appraisers. By such act no more than by the other could he ‘invalidate’ the insurance as to the interest of the bank therein. ’ ’
See also Five Cents Savings Bank v. Penn. Ins. Co., 122 Mass. 165; Hathaway v. Orient Ins. Co., 134 N. Y. 409, 17 L. R. A. 514; Eddy v. London Assurance Corporation, 143 N. Y. 311, 25 L. R. A. 686; Syndicate Ins. Co. v. Bohn, Circuit Court of Appeals, Eighth District, 65 Fed. 165.
Last cited case in speaking of Hastings v. Insurance Co., says: “That decision had settled such a clause (union mortgage clause) protected the mort *73 gagee against any act or neglect of the mortgagor, whether prior or subsequent to its issue. That decision had been repeatedly approved by courts of high rank, and never disapproved.” Therein it is further said: “Our conclusion is that the effect of the union mortgage clause, when attached to a policy of insurance running to the mortgagor, is to make a new and separate contract between the mortgagee and the insurance company, and to effect a separate insurance of the interest of the mortgagee, dependent for its validity solely upon the course of action of the insurance company and the mortgagee, and unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant, whether such act or neglect was done or permitted prior or subsequent to the issue of the mortgage clause. ’ ’
Authorities cited by plaintiff in error are not upon facts similar to those herein involved. We know of no authority in conflict with the conclusion here reached.
Plaintiff in error, here for the first time, urges that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege that Hubbard, the owner of the property at the time of the insurance, sustained loss by fire. This fact ■ was not necessary to plaintiff’s recovery, therefore not necessary to prove or allege. — Syndicate Ins. Co. v. Bohn, supra.
Judgment affirmed. Affirmed.