## JEFFERIS v. LONDON ASSUR. CORPORA-TION.
### No. 5.

District Court, D. Delaware.
Sept. 28, 1936.

Marguerite Dugan Bodziak, of Wilmington, Del., for plaintiff.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and S. Ralph Warnken (of Cook & Markell), of Baltimore, Md., for defendant.

NIELDS, District Judge.

Demurrer. Assumpsit by Emmarene Jefferis, executrix of the estate of Elizabeth Mills, deceased, against the London Assurance Corporation to recover $5,000 (besides interest and fees) the full amount of a policy of fire insurance for a total loss of the dwelling house insured and destroyed. Defendant filed a plea in abatement alleging that the policy contained the Mortgagee Clause A provision and that the interest of the mortgagee exceeded the loss sustained by fire. Plaintiff filed a general demurrer to the plea in abatement. Such a demurrer challenges the legal sufficiency of plaintiff's declaration as well as defendant's plea in abatement.

In her declaration, plaintiff alleges that on November 4, 1933, at Bel Air, Md., Elizabeth Mills was owner of a dwelling situated near Laurel Brook Station, Md.; that in consideration of $27.20 paid by Elizabeth Mills defendant delivered to her a policy of insurance and thereby insured Elizabeth Mills "against all direct loss and damage by fire" to said dwelling house for one year from November 4, 1933, to November 4, 1934, to an amount not exceeding $5,000; that Elizabeth Mills died February 22, 1934, and plaintiff was duly appointed her executrix; that after the delivery of the policy and before the expiration thereof, to wit, June 7, 1934, the dwelling house insured was totally damaged and destroyed by fire causing plaintiff a direct and total loss to the full amount of

the policy, to wit, $5,000, and that proof of such loss was furnished defendant.

To this declaration defendant filed a plea in abatement alleging that a provision known as Mortgagee Clause A was attached to said policy of fire insurance and was a part thereof. That this provision was in the following language:

"Mortgagee Clause—'A'

"Loss or damage, if any, under this policy shall be payable to Jarrettsville Building Association 1st Mortgagee, Jarrettsville, Md. and Julia S. Carnell, 2nd Mortgagee, Address 1321 3rd National Bldg., Dayton, Ohio.

as ————————————————
(Indicate whether first, second, etc. mortgagee, as
—————————— mortgagee (or trustee) as
the case may be.)
interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim.

"Attached to and made a part of Policy No. 5622 of the London Assurance Insurance Company of London, England
"Date November 4, 1933
"Chas. H. Reed    Agent
of Chas. H. Reed, Inc."

That on June 7, 1934, the date of the loss and thereafter, the interest of Jarrettsville Building Association, as first mortgagee of the property destroyed, exceeded the amount of the loss sustained by the fire. That because Jarrettsville Building Association is not named as party plaintiff, defendant prays judgment, and that the writ of summons be quashed.

To this plea in abatement plaintiff filed a general demurrer which, of course, challenges the legal sufficiency of plaintiff's declaration.

The policy of fire insurance delivered to Elizabeth Mills is a Maryland contract, and the rights of the parties are determined by Maryland law. In Maryland the mortgagee in a policy with a standard mortgagee clause may bring suit without joining the mortgagor or the mortgagor may bring suit without joining the mortgagee, provided the consent of the mortgagee is established in such a way that the mortgagee would be estopped from suing the insurer. Such consent must, of course, be alleged in the declaration. Hanover Fire Ins. Co. v. Brown, 77 Md. 64, 76, 25 A. 989, 27 A. 314, 39 Am.St.Rep. 386; Farmers' Fire Ins. Co. v. Baker, 94 Md. 545, 51 A. 184; Hough v. President, etc., of Peoples' Fire Ins. Co., 36 Md. 398, 431; Coates & Brother v. Pennsylvania Fire Ins. Co., 58 Md. 172, 42 Am.Rep. 327.

Plaintiff's demurrer admits that the amount payable under the policy is less than the amount due the first mortgagee. The obligation of the defendant is set forth in the standard mortgagee clause:

592

"Loss or damage, if any, under this policy shall be payable to Jarrettsville Building Association 1st Mortgagee * * * as interest may appear, and this insurance, as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property. * * *" The obligation of the contract is to pay the loss or damage by fire to the mortgagee.

 The standard mortgagee clause creates a separate insurance of the mortgagee's interest. The clause, however, is not complete in itself as constituting a separate insurance of the mortgagee's interest.

"By taking the insurance in the manner the mortgagee herein did, instead of taking out a separate policy, all the provisions in the policy which from their nature would properly apply to the case of an insurance of the mortgagee's interest would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee must be regarded as ineffective and inapplicable to the case of the mortgagee." Eddy v. London Assur. Corporation, 143 N.Y. 311, 324, 38 N.E. 307, 310, 25 L.R.A. 686.

An insurance policy with the standard mortgagee clause attached insures two persons with separate interests in the property who have contractual relations with each other. Such a policy is excess insurance with respect to the interest of the owner over and above the interest of the mortgagee. The obligation of the insurer to pay and of the person who is entitled to payment depends upon the terms of the policy applied to facts outside the policy.

A statutory form of fire insurance policy similar to the policy in this case became effective in New York in 1886 and is prescribed by law since 1917. Substantially the same clause as here was construed by the Court of Appeals of the state of New York: "It was an independent agreement partaking in no sense of the character of an assignment of a policy of insurance, but one in which the mortgagees were recognized as a separate party, having distinct rights, and entitled to receive the full amount of insurance money, without any regard whatever to the owner of the property." Hastings v. Westchester Fire Ins. Co., 73 N.Y. 141.

If the owner has no right to demand payment of a loss which is less than the amount of the mortgage indebtedness, the owner cannot maintain suit therefor. As the interest of the mortgagee is separately insured, he necessarily is entitled to demand payment and to sue. Where the loss is admitted to be less than the mortgage indebtedness, the mortgagee is the only person who can sue.

Defendant in its brief admits that the mortgagee's right to sue has not been barred by limitations because defendant has extended the time within which suit may be brought.

The demurrer to the plea must be overruled.