*C. Cowley*, for the defendant.

*C. H. Conant*, for the plaintiff.

---

ELIOT FIVE CENTS SAVINGS BANK *vs.* COMMERCIAL UNION ASSURANCE COMPANY.

Suffolk.   March 10. — June 30, 1886.   W. ALLEN & HOLMES, JJ., absent.

A policy of insurance, in the form prescribed by the Pub. Sts. c. 119, § 139, against loss by fire upon certain premises, was issued to A., payable in case of loss to B., mortgagee, and providing that the insurer, within sixty days after statement or proof of loss, should either pay the amount of its liability or replace the property. After the policy was issued, A. conveyed the premises to C. A loss occurred, and within a month afterwards B. delivered to the insurer a proof of loss, signed and sworn to by C.; and, more than sixty days before bringing suit, B. delivered to the insurer another proof of loss, signed and sworn to by A. The insurer received and retained both of these proofs without objection, and, though twice asked in writing to inform B. if it required or wished for any further statement, made no reply. *Held*, in an action upon the policy, that the insurer had waived any defects in the proofs of loss, if any existed.

If a policy of insurance is issued to "A., payable in case of loss to B., mortgagee," and is in the form prescribed by the Pub. Sts. c. 119, § 139, containing the provision that, "if this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee, or his agents or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate," a conveyance of the insured property by A. to C., without the assent of the insurer, although it may avoid the policy as to them, will not affect B.'s right to recover, after a loss.

A policy of insurance, in the form prescribed by the Pub. Sts. c. 119, § 139, against loss by fire upon certain premises, was issued to "A., payable in case of loss to B., mortgagee," and providing that the insurer, within sixty days after proof of loss, should either pay the amount of its liability or replace the property, or might, within fifteen days after such statement, notify the insured of its intention to rebuild or repair the premises. A loss occurred, and, nine days afterwards, and after an agent of the insurer had examined the premises and appraised the loss, B., at the request of A., who was unable to do so, began to repair the premises. Immediate repairs were necessary in order to prevent further damage. The repairs were duly finished, and were reasonable and proper for the protection of the property. The insurer never notified the insured of an intention to

repair. *Held*, in an action by B. upon the policy, that his acts in making repairs did not defeat his right to recover.

A policy of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, against loss by fire upon certain premises, issued to " A., payable in case of loss to B., mortgagee," provided that the insurer might elect, when it was not liable to the mortgagor or owner, either to pay to the mortgagee the loss, or to pay the full amount secured by the mortgage, and to receive an assignment of the mortgage and debt. A loss occurred, and B., at the request of A., who was unable to do so, made repairs upon the premises which were necessary for the protection of the property. The insurer denied its liability for the loss ; and B. brought an action upon the policy. The insurer filed an answer, denying any liability on its part ; and, seven months after the action was brought, made a tender to B. of the amount of the mortgage, principal and interest, and requested an assignment of the mortgage and note, which B. declined to make. *Held*, that the tender was not made within a reasonable time, and was not sufficient in amount.

MORTON, C. J.   By the policy in suit, the defendant insured " George B. Taylor, payable in case of loss to Eliot Five Cents Savings Bank, mortgagees, as interest may appear," on a building in Boston called the Hotel Clifton, in the sum of $5000, for five years from July 1, 1881. The policy is in the standard form prescribed by the Pub. Sts. *c.* 119, § 139, and the St. of 1881, *c.* 166, § 1, and contains the provision that, " if this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee, or his agents or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate : provided that the mortgagee shall on demand pay according to the established scale of rates for any increase of risks not paid for by the insured ; and whenever this company shall be liable to the mortgagee for any sum for loss under this policy for which no liability exists as to the mortgagor or owner, and this company shall elect by itself or with others to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured." The policy also contains the provision that, in case of any loss or damage, the company, within sixty days after the statement or proof of loss, " shall either pay the amount for which it shall be liable, or replace the property with other of the same kind and goodness, or it may, within fifteen days after such statement, notify the insured of its intention to rebuild or repair the

premises, or any portion thereof separately insured by this policy, and shall thereupon enter upon said premises and proceed to rebuild or repair the same with reasonable expedition."

The building insured was damaged by fire on November 29, 1883, and, within a few days thereafter, an agent of the defendant and an agent of the plaintiff examined the premises, and appraised the amount of loss at $4488, to recover which sum this action is brought, the writ being dated June 16, 1884. At the time the policy was issued, and at the time of the loss, the plaintiff held a mortgage upon the premises to secure the promissory note of the said George B. Taylor for $12,500. On December 26, 1883, the plaintiff delivered to the defendant a proof of loss, signed and sworn to by Abby E. Taylor, to whom George B. Taylor had conveyed the premises since the policy was issued. And on March 22, 1884, more than sixty days before this suit was brought, the plaintiff delivered to the defendant another proof of loss, signed and sworn to by the assured, George B. Taylor. The defendant received and retained both of these proofs without objection, and, though twice asked in writing to inform the plaintiff if it required or wished for any further statement, remained silent and made no reply. It must be held to have waived any defects in the proof of loss, if any existed.

If we assume, as contended by the defendant, that the conveyance by George B. Taylor to Abby E. Taylor, without the assent of the company, avoided the policy as to them, yet, under the first clause above cited, it would not affect the right of a mortgagee to recover.

But the defendant relies upon two grounds of defence. One is, that the plaintiff, by its acts in entering upon and repairing the premises immediately after the fire, deprived the defendant of its right to elect to rebuild or repair the premises within fifteen days after the proof of loss.

It appears that, nine days after the fire, and after the agent of the defendant had examined the premises and appraised the loss, the plaintiff began to repair the premises. Immediate repairs were necessary in order to prevent further damage. The repairs were finished on March 28, 1884, and, it is admitted, were reasonable and proper for the protection of the property.

The policy provides, that the company shall pay the loss within sixty days after the proof of loss, or it may, within fifteen days after the proof of loss, notify the insured of its intention to rebuild or repair the premises.

The fact that the plaintiff had commenced making repairs without notice, did not deprive the defendant of its right to notify the plaintiff of its intention to repair the premises. If the defendant had done so, and found that the insured was making repairs without any notice to it, both acting in good faith, it might be difficult to adjust fairly the rights of the parties. But there is nothing to show that the defendant ever entertained the intention to repair. It has never notified the insured of such intention, and it is clear that the acts of the plaintiff in making necessary repairs, in good faith, ought not, upon any principles of law or justice, to defeat the right to recover its actual loss.

The other ground of defence is, that the defendant tendered to the plaintiff the amount secured by its mortgage, and demanded a transfer of the mortgage and note, which demand the plaintiff refused. The facts agreed are, that, " on January 20, 1885, the defendant made a legal tender to the plaintiff of the amount of the principal of the mortgage ($12,500), and accrued interest thereon due upon said day, and requested the plaintiff to assign, transfer, and deliver to the defendant the mortgage and note, which the plaintiff declined to do."

We think there are two answers to this defence. The statute and the policy give the company the right, in a case where it is not liable to the mortgagor or owner, to elect either to pay the mortgagee the loss, or to pay the full amount secured by the mortgage, and to receive an assignment of the mortgage and debt; but the law implies a condition that this right of election shall be exercised within a reasonable time. In the case before us, the defendant denied its liability to pay the loss, compelled the plaintiff to bring this suit, filed an answer denying any liability on its part, and, seven months after the suit was brought, made the tender upon which it relies.

If this tender is sufficient, it must follow that any tender made before judgment in the suit would defeat the plaintiff's right to recover. The result would be to throw upon the plaintiff all

the costs and expenses of the suit, which would be unreasonable and unjust. We are of opinion that the tender made by the defendant was not made within a reasonable time, and was too late to be of avail as a defence to this suit.

We are also of opinion that the tender was not sufficient in amount. The defendant was required to tender "the full amount secured by such mortgage" at the time the tender was made. The plaintiff had, before the tender, made large expenditures, necessary to protect the property, and to prevent further damage to it. The fire rendered the plaintiff's security insufficient to cover its debt. The mortgagor and the owner of the equity were unable to make repairs, and the plaintiff did so at their request. We cannot doubt that, under these circumstances, the mortgagor and his assigns would, in equity, be liable to pay whatever the mortgagee had reasonably spent to protect the property and to uphold his security, and that the full amount secured by the mortgage includes such expenditures.

For these reasons, we are of opinion that the plaintiff is entitled to recover the full amount of the loss. *Judgment affirmed.*

*J. L. Thorndike & H. G. Allen*, for the plaintiff.
*M. Williams & C. A. Williams*, for the defendant.