PALMER SAVINGS BANK *vs.* INSURANCE COMPANY OF
NORTH AMERICA.

Hampden.   September 26, 1895. — May 23, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Interest of Mortgagee — Right of Action in Name of
Mortgagee.*

A mortgagee is entitled to maintain an action in his own name on a policy of fire
insurance issued to the mortgagor and made payable in case of loss to the mort-
gagee "as its interest may appear."

A fire insurance policy in the Massachusetts standard form containing a provision
that if it "shall be made payable to a mortgagee of the insured real estate, no
act or default of any person other than such mortgagee or his agents, or those
claiming under him, shall affect such mortgagee's right to recover in case of
loss," remains in force for the benefit of the mortgagee, so far as his interest
appears, notwithstanding a conveyance of the insured premises by the mort-
gagor without the consent of the insurer.

Real estate subject to a mortgage of $200 was insured for $400 by a policy which
was issued to the mortgagor and was made payable to the mortgagee "as its
interest may appear." Subsequently the mortgagor, without the knowledge or
consent of the insurer, conveyed the insured premises, subject to the mortgage,
through a third person, to his wife, and she, for a loan of $400 by the same
mortgagee, gave a note signed by herself and her husband secured by a power
of sale mortgage in which her name alone appeared in the granting clause, but
in which her husband joined in release of his rights, and which both signed and
sealed. A total loss occurred which was more than the amount of the insur-
ance, and at the time of the trial of an action brought by the mortgagee against
the insurer to recover the full amount of the policy, there was due on the first
mortgage $200 and interest, and on both mortgages about $548. *Held,* that the
plaintiff was entitled to recover only $200, the amount of the first mortgage,
and interest.

CONTRACT, on a policy of insurance against loss by fire.   Writ
dated March 7, 1894.   Trial in the Superior Court, without a
jury, before *Gaskill,* J., who found for the plaintiff for the full
amount of the policy, and reported the case for the determina-
tion of this court.   The material facts appear in the opinion.

*G. D. Robinson,* ( *W. S. Robinson* with him,) for the defendant.
*S. S. Taft,* for the plaintiff.

FIELD, C. J.    This is an action on a policy of fire insurance, issued on March 12, 1890, by the defendant to James W. Calkins, for $400, and made payable in case of loss to the plaintiff " mortgagee, as its interest may appear."    At the time when the policy was issued, James W. Calkins owned the real estate, and the barn on it, which was the property insured, and the plaintiff, the Palmer Savings Bank, held a mortgage on the property, given by James W. Calkins to the plaintiff to secure his note, payable on demand, for $200.    Subsequently James W. Calkins, without the knowledge or assent of the plaintiff, made and delivered a deed of the premises to Inez B. Burleigh, who made and delivered a deed thereof to Lucia E. Calkins, the wife of James W. Calkins.    The peculiarity of these deeds will be noticed hereafter.    They were each subject to the mortgage which has been mentioned.    Afterwards Lucia E. Calkins, for $400 received of the plaintiff, gave a note to the plaintiff, payable on demand, signed by herself, her husband, and two other persons, and secured the payment of it by a power of sale mortgage on the property described in the said deed to her, and on other property.    In this mortgage her name alone appears in the granting clause, but in the proviso her husband's name appears in the following manner:  " And for the consideration aforesaid, I, James W. Calkins, husband of the said Lucia E. Calkins, do hereby release unto the said grantee and its successors and assigns all right of or to both curtesy and other rights in the aforegranted premises, and in the proceeds thereof, in case of sale hereunder, and agree to join in any deed of confirmation or any sale or foreclosure made or effected as aforesaid."    The *in testimonium* clause is as follows:  " In witness whereof, we, the said Lucia E. Calkins and James W. Calkins, have hereunto set our hands and seals this twenty-third day of May, in the year of our Lord eighteen hundred and ninety-two."    They both signed and sealed the deed.

At the time of the fire there was due on the first mortgage $200 and some interest, and on the second mortgage $400 and some interest, but after the fire the amount due on the second mortgage was somewhat reduced by partial payments.    The

amount due on both mortgages at the time of the trial was about $548, which is more than the amount of the insurance. The policy was a Massachusetts standard policy, issued under St. 1887, c. 214, § 60, and it was not under seal. The loss was total, and was more than the amount of the insurance.

At the conclusion of the trial the defendant asked the court to rule as follows: " 1. The plaintiff has no right of recovery in its own name, and in the form of the plaintiff's action. 2. If the defendant is liable at all to the plaintiff, no greater amount can be found against it than the principal of the first note signed by James W. Calkins, and the interest thereon. 3. The plaintiff cannot recover of this defendant in this action any sum in excess of the amount due on the said first note of James W. Calkins."

These rulings the court refused to give, and found for the plaintiff in the sum of $432, being the whole amount of the insurance with interest, and the presiding justice reported the case to this court. The report concludes as follows: " If the plaintiff is not entitled to recover at all in this action, judgment shall be entered for the defendant. If the plaintiff is entitled to recover of the defendant only the amount of the note of James W. Calkins, and interest thereon, there shall be judgment for the sum of two hundred dollars, and the interest accrued thereon. If the plaintiff shall be entitled to recover the whole amount of said policy in this action, then the judgment of the Superior Court, as stated above, shall be affirmed."

The policy, being in the Massachusetts standard form, contained, among others, the following provision : " If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate," etc. St. 1887, c. 214, § 60. If the policy became void as to James W. Calkins by his conveyance of the premises, it still remained in force for the benefit of the mortgagee, so far as its interest appears. *City Five Cents Savings Bank* v. *Pennsylvania Ins. Co.* 122 Mass. 165. *Harrington* v. *Fitchburg Ins. Co.* 124 Mass. 126. *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142. The practice in this Commonwealth has

been in a case of this kind for the mortgagee to sue in his own name. Cases cited *ubi supra. Barrett* v. *Union Ins. Co.* 7 Cush. 175. *Macomber* v. *Cambridge Ins. Co.* 8 Cush. 133. *Fogg* v. *Middlesex Ins. Co.* 10 Cush. 337. *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28. *Franklin Savings Institution* v. *Central Ins. Co.* 119 Mass. 240. *Foote* v. *Hartford Ins. Co.* 119 Mass. 259. *Smith* v. *Union Ins. Co.* 120 Mass. 90. *Fitchburg Savings Bank* v. *Amazon Ins. Co.* 125 Mass. 431. *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1. *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142. But it is said that in none of the foregoing cases was the right of the plaintiff to sue decided, although in some of them an opinion was expressed by the court that the mortgagee could sue in his own name.

It has also been held that the mortgagor can sue in his own name, with the assent of the mortgagee. *Jackson* v. *Farmers' Ins. Co.* 5 Gray, 52. *Turner* v. *Quincy Ins. Co.* 109 Mass. 568. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. In *Jackson* v. *Farmers' Ins. Co.*, it was held that if the assent of the mortgagee was given before suit brought, the plaintiff, who was the mortgagor, would be entitled to recover costs, otherwise not.

It is argued that the decisions permitting a mortgagee to sue in his own name are inconsistent with the decisions in *Mellen* v. *Whipple*, 1 Gray, 317, *Exchange Bank* v. *Rice*, 107 Mass. 37, and other similar cases ; with our decisions on life insurance policies, of which *Wright* v. *Vermont Ins. Co.* 164 Mass. 302, is an example ; and with our decisions on benefit certificates, such as *Rindge* v. *New England Aid Society*, 146 Mass. 286.

It is the practice of the courts of the States of this country generally, although not universally, in such a case as the present, to permit the mortgagee to sue in his own name. In some States, it is true, a person for whose benefit a simple contract is made, although not a party to it, is permitted to sue upon it. In some a joint action by the mortgagor and mortgagee is permitted, where the mortgage debt does not exhaust the insurance; in some a distinction is taken between a policy where the loss is payable to a mortgagee without any limitation, and one where the loss is payable to a mortgagee according to his interest ;

and in some the mortgagor and mortgagee each can sue according to his interest.   See *Motley* v. *Manufacturers' Ins. Co.* 29 Maine, 337 ; *Chamberlain* v. *New Hampshire Ins. Co.* 55 N. H. 249 ; *Meriden Savings Bank* v. *Home Ins. Co.* 50 Conn. 396 ; *Cone* v. *Niagara Ins. Co.* 60 N. Y. 619 ; *Winne* v. *Niagara Ins. Co.* 91 N. Y. 185 ; *Martin* v. *Franklin Ins. Co.* 9 Vroom, 140 ; *State Ins. Co.* v. *Maackens,* 9 Vroom, 564 ; *Coates* v. *Pennsylvania Ins. Co.* 58 Md. 172 ; *Tilley* v. *Connecticut Ins. Co.* 86 Va. 811 ; *Bartlett* v. *Iowa State Ins. Co.* 77 Iowa, 86 ; *Hammel* v. *Queen Ins. Co.* 50 Wis. 240 ; *Williamson* v. *Michigan Ins. Co.* 86 Wis. 393 ; *Westchester Ins. Co.* v. *Coverdale,* 48 Kans. 446 ; *Graves* v. *American Live-Stock Ins. Co.* 46 Minn. 130 ; *Maxcy* v. *New Hampshire Ins. Co.* 54 Minn. 272 ; *Ermentrout* v. *American Ins. Co.* 60 Minn. 418 ; *Travelers' Ins. Co.* v. *California Ins. Co.* 1 No. Dak. 151 ; *Fire Ins. Companies* v. *Felrath,* 77 Ala. 194 ; *Hartford Ins. Co.* v. *Davenport,* 37 Mich. 609 ; *Minnock* v. *Eureka Ins. Co.* 90 Mich. 236 ; *Mitchell* v. *London Assurance Co.* 15 Ont. App. 262.

In mortgages in this Commonwealth, it is customary for the mortgagor to covenant that he will keep the mortgaged property insured for a certain amount for the benefit of the mortgagee in such form and in such insurance companies as the mortgagee shall approve.   Although this does not expressly appear in the report, and we have not been furnished with full copies of the mortgages, we assume that they contained the usual provisions on the subject.

A mortgagor and a mortgagee have each an insurable interest in the property ; each can insure for his own benefit, the mortgagor for the full value of the property, and the mortgagee for the full value of his interest in the property, and neither can avail himself in any way of the money recovered from insurance by the other unless there is some contract making it so available. But a form of insurance like that in the case at bar has become common, whereby a part or the whole of the insurance on the mortgagor's property is made payable to the mortgagee, and the money paid by the insurance company to the mortgagee operates in whole or in part as payment of the mortgage debt, and the mortgagor, after the mortgage debt is paid, is entitled to the remainder of the money due from the insurance company, if

there is any.  At first the policy usually was issued to the mort-gagor in the common form, and was then assigned by him to the mortgagee to the extent of his interest, and the insurance company assented to the assignment.  Afterwards the provisions for the benefit of the mortgagee were inserted in the body of the policy.  But such policies, unless there were stipulations to the contrary, were avoided as to the mortgagee by any act of the mortgagor which avoided the policy as to him.  To make such policies a better security to the mortgagee, it has been pro-vided in the Massachusetts standard policy that no act or de-fault of any person other than the mortgagee or his agent, or those claiming under him, shall defeat such mortgagee's right to recover in case of loss ; and the policy contains various other provisions with reference to the mortgagee which make the con-tract with him or for his benefit somewhat different from that with the mortgagor.

When a mortgagor, under an obligation expressed in the mort-gage to insure the property to a certain amount for the benefit of the mortgagee, in satisfaction of this obligation, procures insurance on the property, and makes the loss payable to the mortgagee to the extent of his interest, the mortgagor in fact acts both for himself and for the mortgagee.  The mortgagee is not an entire stranger to the consideration, because the mort-gagor in effecting the insurance has only performed a duty which he was under towards the mortgagee, and for the performance of which he was paid by the loan which was secured by the mort-gage.  In practice, such policies are delivered to and retained by the mortgagee.  The effect of such a policy is the same as if the mortgagor had taken out the insurance in his own name, and then assigned it to the mortgagee to the extent of his interest, and the insurance company had assented to the assignment and had promised the mortgagee that no act or default of the mort-gagor should defeat the right of the mortgagee to recover to the extent of his interest.  Under such an assignment, assented to by the company, the mortgagee, in the event of a loss, could maintain an action in his own name to recover to the extent of his interest.  In *Fogg* v. *Middlesex Ins. Co.* 10 Cush. 337, 346, the court say : " But there is another species of assignment, or transfer it may be called, in the nature of an assignment, of a

chose in action ; it is this : ' In case of loss, pay the amount to A. B.'    It is a contingent order or assignment of the money, should the event happen upon which money will become due on the contract.    If the insurer assents to it, and the event happens, such assignee may maintain an action in his own name, because, upon notice of the assignment, the insurer has agreed to pay the assignee instead of the assignor. *Mowry* v. *Todd*, 12 Mass. 281."

If the interest assigned equals or exceeds the amount of the insurance, it would be the common case of an assignment, and the promise of the debtor to pay the debt when it becomes payable to the assignee.    A difficulty has been found by some courts when the assignment is of but a part of the debt, and in such a case, where there is a code regulating practice, the mortgagor and mortgagee sometimes have been permitted or required to join as plaintiffs in the action ; but as their interests are several, it is, to say the least, doubtful whether at common law they could be permitted to sue jointly.

While there are objections against splitting a debt without the consent of the debtor, these objections never have prevailed where the debtor has consented to it.    An assignment of a part of a debt is valid against the debtor if he assents to it, and the assignee can sue for the part assigned in his own name if the debtor has promised him to pay it.    We think that the policy in the present case is in effect a policy for the benefit of the mortgagee as well as of the mortgagor, in which the insurance company has entered into a direct contract with the mortgagee which is somewhat different from the contract with the mortgagor, and has promised the mortgagee to pay the loss to it to the extent of its interest, and that it differs materially from a policy issued to A. for the benefit of B. where there is no promise to pay B., as well as from a policy so issued where B. has no interest unless A. chooses to give him an interest after he has procured the policy.    The plaintiff had an interest from the beginning in the property insured and in the policy, and the policy was issued to protect that interest from loss by fire.    Calkins could not Kave cancelled the policy without the consent of the plaintiff, and could not have adjusted the loss so as to bind the plaintiff without its consent. *Harrington* v. *Fitchburg Ins. Co.* 124 Mass. 126.

While in this Commonwealth the rule is held strictly that no

one can sue or be sued on a simple contract who is not a party to it, either disclosed or undisclosed, yet it is not in all cases necessary that the consideration should move from the promisee to the promisor, in the ordinary sense of those words. In a novation, no consideration moves from the promisee directly to the promisor. An assignee of a non-negotiable debt must sue in the name of the assignor, unless the debtor has promised to pay it to the assignee; but if there is such a promise, the assignee can sue in his own name, although no consideration for this promise moves directly from the promisee to the promisor. We think the rule in this Commonwealth, in cases like the present, is, that where the mortgage has been paid before the loss, the mortgagor in his own name recovers the whole amount of the loss to the extent of the insurance; that where the mortgage debt exceeds the loss, the mortgagee can recover the whole in his own name; that where the loss exceeds the mortgage debt, the mortgagor and mortgagee each can sue for his share, unless by the terms of the policy the whole loss is payable to the mortgagee, although it may exceed his interest, in which case, perhaps, the mortgagee may be taken as assignee of the whole; and that in any case the mortgagor may sue for the whole loss, if the mortgagee consents, although the separate rights of each must be preserved at the trial, as it often happens that there are defences against the mortgagor which are not available against the mortgagee. The plaintiff, therefore, is entitled to recover in its own name.

The remaining question is, How much shall the plaintiff recover? It is manifest that the property has been alienated by James W. Calkins, if his deed to Inez B. Burleigh conveyed anything. That deed purports to grant the land to Inez B. Burleigh, but in the granting clause there is no mention of heirs or assigns. The habendum of the deed is in the usual form, except that it is " to the said J. W. Calkins [the grantor], and his heirs and assigns, to their own use and behoof forever." The deed is executed by Calkins and by his wife, who signs in token of her release of dower and homestead in the premises. The deed of Inez B. Burleigh to Lucia E. Calkins is similar, and there is a similar mistake in the habendum. These deeds were without consideration, and the principal purpose was to convey the premises from James W. Calkins to his wife.

If the habendum be rejected in the deed of Calkins to Burleigh as inconsistent with the grant, then the deed conveyed the property to the grantee for her life, and this is true of the deed from Burleigh to Mrs. Calkins.   It is possible that the deeds might be reformed in equity so as to effect a conveyance of the fee, which was undoubtedly the intent of the parties, but that we cannot now consider.   If there was an alienation of the property by Calkins in fee, or for the life of any person, without the assent of the company, we understand that this avoids the policy as to him.   But whether these deeds are void, or conveyed an interest for life, we think that the second mortgage is not within the terms of the policy, and was not within the contemplation of the parties to the policy.   It is a mortgage given by Mrs. Calkins on what was considered her property, with full covenants by her, and the husband is not named in the granting clause.   It is plainly intended as a mortgage of the land and building of the wife, in which the husband joins to release any rights he may have as husband.   Whatever the effect of the mortgage upon his rights may be, the policy was not intended to be payable to such a mortgagee.   Whether, if the title had remained in James W. Calkins, and he had made a second mortgage to the plaintiff after the policy was issued, the policy could be held to cover that, it is unnecessary to decide.   This mortgage was intended to be a mortgage upon the land and building of the wife, and at the time the mortgage was given James W. Calkins could not insure in his own name the land and building of his wife, so as to make the loss payable to the mortgagee under such a mortgage.

The result is that the plaintiff is entitled to have judgment entered for the sum of two hundred dollars and interest.

*So ordered.*