ATTLEBOROUGH SAVINGS BANK *vs.* SECURITY INSURANCE COMPANY.

Bristol.   October 26, 1896. — March 6, 1897.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Interest of Mortgagee — Subrogation — Action.*

Where the insurance upon property subject to a mortgage is payable in case of loss to the mortgagee " as its interest shall appear," the interest of the mortgagee covered by the policy is that existing at its date, and not under subsequent mortgages in force at the date of the loss.

If the mortgagee of property, to whom a policy of insurance thereon is made payable in case of loss as his interest shall appear, has become unable, by his own act, to comply with the terms of the provision in the policy for subrogation, he cannot maintain an action on the policy.

CONTRACT, upon a policy of insurance against loss by fire on certain property in South Wrentham.   Trial in the Superior Court, without a jury, before *Hopkins,* J., who found for the defendant; and, at the plaintiff's request, reported the case for the determination of this court.   If, upon all the facts, the plaintiff was entitled to judgment, such judgment was to be entered in the sum of $2,000 ; otherwise, judgment was to be entered upon the finding.   The facts appear in the opinion.

*J. M. Lesser,* for the plaintiff.

*C. W. Clifford & O. Prescott, Jr.,* for the defendant.

LATHROP, J.   This is an action on a policy of insurance against loss by fire, in the Massachusetts standard form, issued to Emma A. Briggs, and " payable in case of loss to Attleborough Savings Bank, mortgagee, as its interest shall appear." Among other things the policy provides that it shall be void if, without the assent of the company the property shall be sold ; and further, that, " if this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate ; provided that the mortgagee shall, on demand, pay according to the established scale of rates

for any increase of risks not paid for by the insured; and whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself or with others to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the company interested, upon such payment, the said mortgage, together with the note and debt thereby secured."

When the policy was issued the plaintiff held a mortgage on the property insured for $1,500. At the date of the loss there was due on the mortgage $1,500, the interest having been paid. After the policy was issued the plaintiff took a second and a third mortgage on the property from the same owner, for $1,000 and $500 respectively. The defendant had no notice of these subsequent mortgages until after the loss. At the time of the loss there was due on all three mortgages an amount exceeding $2,000. Before the loss the owner of the property sold it without notice to the defendant, the deed reciting that the premises conveyed were subject to three mortgages to the Attleborough Savings Bank. On December 28, 1894, the plaintiff, without notice to the defendant, released from all three mortgages a part of the mortgaged property. On January 8, 1895, the defendant tendered to the plaintiff the sum of $1,500, and demanded an assignment of the first mortgage and the note for $1,500 which it secured. The plaintiff rejected the tender.

The mortgagor having forfeited her insurance by a conveyance without notice to or the consent of the defendant, the question is as to the plaintiff's rights under the policy. The plaintiff contends that, as at the time of the loss it held three mortgages on the property greater in amount than the sum insured, it is entitled to recover $2,000, which is the amount of the policy. The defendant contends that the interest of the plaintiff was insured only to the amount due at the time of the loss under the first mortgage, and that the plaintiff, having refused to assign said mortgage and mortgage note, and having put it out of its power to subrogate the defendant to its rights under the first mortgage, can recover nothing.

We are of opinion that the defendant's contention is correct. The chief reliance of the plaintiff in its argument is on the lan-

guage of the clause by which the policy is made payable to the plaintiff.   But the words " as its interest shall appear " have reference to the amount which may be due the mortgagee on the mortgage debt, which is originally brought to the attention of the insurer.   It was not intended to include additional claims, but was intended to provide for a diminution of the interest of the mortgagee by the reduction, by payment or otherwise, of the amount of the debt.

In *Palmer Savings Bank* v. *Ins. Co. of North America*, 166 Mass. 189, while the question now before the court was not determined, the law in relation to policies insuring the interest of a mortgagee was much considered.   It is there said that at first the policy was usually issued to the mortgagor in the common form, and was then assigned to the mortgagee to the extent of his interest, the insurance company assenting to the assignment ; that afterwards the provisions for the benefit of the mortgagee were inserted in the body of the policy, but that such policies, unless there were stipulations to the contrary, were avoided as against the mortgagee by any act of the mortgagor which avoided the policy as to him, and that the present form was adopted in order to give the mortgagee a better security, but that the effect was the same as if the mortgagor had taken out the insurance in his own name and then assigned it to the mortgagee to the extent of his interest, and the insurance company had assented to the assignment and had promised the mortgagee that no act of the mortgagor should defeat the right of the mortgagee to recover to the extent of his interest.   But whether the clause is to be considered as an assignment by the mortgagor of an insurance upon his interest, or as a contract made with the insured by which, in a certain contingency, it promises to pay to the mortgagee an amount to be determined, it seems to us clear that the nature of the interest and the extent of the risk must be made known at the time when the contract is made, in order that the premium may be measured thereby.   While the insurance company cannot be compelled to pay more than the face of the policy, yet to obtain the advantages of subrogation, if the plaintiff's contention is correct, it may be compelled to pay several times that amount.   The clause in regard to subrogation is inserted as of value to the company, and must be taken into con-

sideration in measuring the risk assumed and the consideration paid therefor; but if this amount cannot be determined when the contract is made, and may be so great as to make the subrogation clause worthless, it ceases to be one of the elements of the contract.

We are therefore of opinion that the plaintiff's interest under the subsequent mortgages was not covered by the insurance; and that as it was not willing to assign its first mortgage and note, and in fact could not do so, the justice who tried the case in the court below rightly found for the defendant.

According to the terms of the report, the order must be,

*Judgment for the defendant.*