FRANCIS I. AMORY *vs.* RELIANCE INSURANCE COMPANY.

ISAAC WATCHMAKER *vs.* SAME.

SAME *vs.* GERMAN FIRE INSURANCE COMPANY.

FRANCIS I. AMORY *vs.* SAME.

SAME *vs.* FARMERS' FIRE INSURANCE COMPANY.

ISAAC WATCHMAKER *vs.* SAME.

FRANCIS I. AMORY *vs.* AACHEN AND MUNICH FIRE INSURANCE COMPANY.

ISAAC WATCHMAKER *vs.* SAME.

Suffolk.    January 16, 1911. — March 7, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Insurance*, Fire.  *Novation.  Mortgage*, Of real estate: rights to insurance.  *Contract*, Consideration.  *Interest.  Words*, " Forthwith."

At the trial of an action against an insurance company upon a policy of fire insurance in the Massachusetts standard form, brought by the holder of a second mortgage upon the premises described in the policy, it appeared that on a September 25, previous to the time when the plaintiff received his mortgage, one, who then held a mortgage on the premises and for whose benefit the policy then read, indorsed upon the policy a release of all his interest therein and the mortgagor indorsed upon it " In case of loss pay this policy to A, first mortgagee, as his interest may appear, under present or any future mortgages on the insured property.  Balance, if any, to [the plaintiff], second mortgagee, as his interest may appear."  The insurance company assented to the indorsement. On the same day the mortgage to A and that to the plaintiff were made, and the mortgage to A was delivered to him on the next day, at which time the plaintiff paid a sum of money representing the amount of the mortgages to him and to A and also the amount of all prior mortgages on the property.  The mortgage to the plaintiff was not delivered to him until October 6.  The representatives of the insurance company had no knowledge of the facts except what might be inferred by them from the papers which they saw.  No fraud or concealment was practised.  *Held*, that the mortgagor's indorsement as to payment to the plaintiff in case of loss under the policy should be construed as having reference to the plaintiff's holding under a mortgage already arranged for and made that day, although the mortgage did not take effect by delivery until eleven days later.

At the trial of an action against an insurance company upon a policy of fire insurance in the Massachusetts standard form, brought by the holder of a second mortgage upon the premises described in the policy, it appeared that on a September 25, previous to the time when the plaintiff received his mortgage, one, who then held a mortgage on the premises and for whose benefit the

policy then read, indorsed upon the policy a release of all his interest therein and the mortgagor indorsed upon it " In case of loss pay this policy to A, first mortgagee, as his interest may appear, under present or any future mortgages on the insured property. Balance, if any, to [the plaintiff], second mortgagee, as his interest may appear." The insurance company assented to the indorsement. Subsequently the mortgagor made another mortgage to one who, for default in the performance of its condition, foreclosed it, thus terminating all rights of the mortgagor under the policy. *Held,* that the release of the holder of the mortgage which was prior to those of A and of the plaintiff and the indorsement of the mortgagor upon the policy furnished a good consideration for the undertaking of the defendant to indemnify the plaintiff after indemnifying A.

At the trial of an action against an insurance company by a mortgagee of real estate upon a policy of fire insurance in the Massachusetts standard form, which contained the provision that " whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured," it appeared that the defendant had not made any payment or requested any assignment of the plaintiff's mortgage, that the plaintiff, although ready and willing to assign his mortgage to the defendant upon receipt of the amount due thereon, never had offered so to do nor had informed the defendant of such willingness, and that, previous to the fire which had caused the loss, the plaintiff had discharged certain other mortgages which he held under assignment from other mortgagees as further security for his loan. *Held,* that such facts showed no valid defense to the action, since the defendant had not elected to pay the debt due to the plaintiff and to take an assignment of the mortgage and mortgage note, and since the plaintiff was not required to hold himself in a position to assign to the defendant all his security, but only the mortgage together " with the note and debt thereby secured."

At the trial of an action against an insurance company by a mortgagee of real estate upon a policy of fire insurance in the Massachusetts standard form, the following facts appeared : The policy was issued before the plaintiff had any interest in the premises and was made " payable in case of loss to [a prior mortgagee] as interest may appear." The prior mortgagee assigned his mortgage to the plaintiff, who took and held it as collateral security for an indebtedness of the mortgagor which also was secured by a mortgage given to the plaintiff on the same day as the assignment. Over two months later the prior mortgagee executed upon the policy the following indorsement: " For value received I hereby assign to [the plaintiff] all my interest as mortgagee in this policy." The indorsement was assented to by the defendant. Subsequently the plaintiff discharged the prior mortgage. The interest of the mortgagor in the real estate was cut off by the foreclosure of a mortgage subsequent to that of the plaintiff. *Held,* that by the discharge of the prior mortgage the plaintiff lost any right he had to payment under the policy.

At the trial of an action against an insurance company by a mortgagee of real estate upon a policy of fire insurance in the Massachusetts standard form insuring a building in Chelsea, it appeared that the interest of the mortgagor had been cut off by the foreclosure of a mortgage subsequent to the plaintiff's, that thereafter the building was destroyed in " the Chelsea fire " on April 12, 1908,

and that the plaintiff gave to the defendant on June 9, 1908, a "sworn statement, setting forth the matters and particulars required by the condition relative thereto contained in" the policy. The condition referred to required the rendering of such a statement to the company "forthwith" after the loss or damage was suffered. *Held*, following *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, that under the policy, where a mortgagee is required to render such a statement, he must furnish "within a reasonable time, proper information in regard to the loss, as to such matters as a mortgagee reasonably may be expected to know"; and that the statement rendered by the plaintiff satisfied the requirements of the policy.

A mortgagee of real estate, to whom was payable in case of loss or damage to the real estate the amount of a policy of fire insurance in the Massachusetts standard form which provided that the company within sixty days after receiving a statement of loss should pay the amount for which it was liable, that amount, if not agreed upon, to be determined by referees to be chosen, on a June 9 rendered the required statement to the company of a loss sustained on the preceding April 12. *Held*, that the amount due on the policy was payable on August 8, and that, if it was not paid or tendered to the mortgagee at or before that time, he was entitled to interest from that date.

EIGHT ACTIONS OF CONTRACT, the first and second and certain counts of the declarations in the seventh and eight actions being upon policies of insurance against loss or damage by fire of premises numbered 34 on West Third Street in Chelsea, and the third, fourth, fifth and sixth and the remaining counts of the declarations in the seventh and eighth actions being upon policies relating to premises numbered 92 on Arlington Street in Chelsea. Writs dated December 26, 1908.

In the Superior Court the cases were tried together before *Morton*, J., without a jury, upon an agreed statement of facts, the judge. being given power to draw inferences from the facts agreed upon.

Besides the facts stated in the opinion, it was agreed that the buildings insured were destroyed in "the Chelsea fire" on April 12, 1908. On June 9, 1908, the plaintiffs rendered to the respective defendants sworn statements, setting forth the matters and particulars required by the condition relating to such statements contained in each of said policies. Thereafter, the amount of loss and damage not being agreed upon, the matter was submitted to referees under the terms of the policies, who thereupon awarded that the amount of loss and damage on the building, 92 Arlington Street, was $5,000, and that on the premises, 34 West Third Street, was $4,600. None of the

defendants made any payment nor requested any assignment of the plaintiff's mortgages. After the award of the referees was made, the defendants refused to pay the amount of the award or any part thereof to the plaintiffs. The plaintiffs never have offered to assign their mortgages to the defendants, but at all times have been and are now ready and willing to assign them to the defendants upon receipt of the amounts due. them thereon, but never have informed the defendants of their willingness previous to the bringing of the actions.

The provision in the Massachusetts standard policy, which was in all the policies here involved and under which the plaintiffs claim, is as follows : "and whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured."

In each of the first and second actions, the judge found for the plaintiff in the sum of $2,192; in each of the third, fourth, fifth and sixth actions, he found for the plaintiff in the sum of $1,096; in each of the seventh and eighth, he found for the plaintiff in the sum of $6,028. The defendants appealed.

*F. W. Brown*, for the defendants.

*L. M. Friedman*, for the plaintiffs.

KNOWLTON, C. J.    Each of the two plaintiffs is a mortgagee, who claims under a policy of insurance for a loss payable to him, which resulted from the burning of a building on the mortgaged property. There were two separate estates, and each plaintiff has brought an action against four different insurance companies, each of three of which issued a policy upon the building on the first of these estates. One of these three issued another policy on the building on the second estate, and the fourth also issued a policy on this building. Because of the foreclosure of a later mortgage covering both estates, which worked a change in the title, all the policies became void in the hands of the original insurer, and the claim of the plaintiffs, as mortgagees under their earlier mortgages, rests upon the clause in each policy, under our

Massachusetts standard form, which protects the rights of the mortgagee in such cases.

We have before us four classes of questions: first, whether the respective plaintiffs had the rights of a mortgagee in their several policies at the time of the fire; secondly, whether they severally rendered a sworn statement of the facts concerning their claim seasonably after the fire; thirdly, if they are entitled to recover, in what proportions should claims be charged upon the different defendants; fourth, from what time shall interest be computed.

The plaintiff Amory holds a first mortgage upon each of the two estates, and the plaintiff Watchmaker holds a second mortgage covering both of them. Upon the building on the first estate — that upon Arlington Street — there were three policies of insurance, one for $3,000 in the Aachen and Munich Company, one for $1,000 in the German Company and one for $1,000 in the Farmers' Company. These policies were all taken out by Gotlieb Ancelovitz, the owner of the property, and the first two were made payable in case of loss to M. Dana and L. Levin, mortgagees. On September 25, 1905, these mortgagees indorsed upon each policy a release of all their interest as mortgages, and on the same day Ancelovitz, the insured, signed this indorsement upon each policy: "In case of loss pay this policy to Francis I. Amory, first mortgagee, as his interest may appear, under present or any future mortgages on the insured property. Balance, if any, to Isaac Watchmaker, second mortgagee, as his interest may appear." This was assented to by an authorized agent of each of these two defendants. On the same day the two mortgages upon this property under which the plaintiffs claim to recover insurance were made, one to each of the plaintiffs, although that to Watchmaker was not delivered and recorded until October 6, 1905.

We see no ground for questioning the right of Amory as a mortgagee under these two policies of insurance. The right of Watchmaker is questioned on the ground that his mortgage was not delivered until eleven days afterwards. It does not appear that the insurance companies had any knowledge of the facts, except that which may be inferred from the papers. There was no fraud nor concealment, and the writings must therefore be construed in connection with the facts as they exist, in reference

to which the parties must be presumed to have contracted.    It is agreed that, on September 25, Watchmaker paid the sum of $10,300, which represented this second mortgage of the same date, as well as the principal of Amory's two first mortgages, which were used to pay up prior mortgages upon the property. It is plain, under the indorsement, that the payment to Amory was to be made according to his interest under any future mortgage, as well as under a present one.    It appearing that the first mortgage to Amory and the second mortgage to Watchmaker both bore the same date, and that this indorsement on the policy was also on that date, and that Watchmaker is referred to as the second mortgagee in the indorsement, and that he paid the consideration for the mortgage on that day, we are of opinion that the direction to pay and the assent of the company should be construed as having reference to his holding under a mortgage already arranged for, and made that day, although it did not take effect by delivery until a few days later.

The case of *Attleborough Savings Bank* v. *Security Ins. Co.* 168 Mass. 147, relied upon by the defendants, was decided upon very different facts.

The release of all interest of Dana and Levin under the policies previously held as security for their mortgage, and the direction by the insured, in the nature of an assignment, assented to by the companies, furnished a good consideration, and the policies were as effectual for the protection of the plaintiffs as if they had then been first issued, payable in this form.

Nor is there any valid defense on the ground of a failure to assign the notes and mortgages to the defendants, as required by the statute if the defendants elect to pay the mortgagee the full amount secured by it.    In the first place, the defendants have not so elected.    See *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142.    Secondly, the release by the plaintiffs of certain other mortgages which they held as collateral security for this mortgage debt does not affect their right to recover.    All that in any event they are required to assign and transfer is the mortgage, "together with the note and debt thereby secured."    R. L. c. 118, § 60.

The policy of the Farmers' Fire Insurance Company was issued on September 27, 1905, and was, by its terms, "payable

in case of loss to Francis I. Amory, first mortgagee, and balance, if any, to Isaac Watchmaker, second mortgagee." For the reasons already given, we are of opinion that this means "second mortgagee" under the mortgage bearing date September 25, which was delivered soon afterward.

The two policies on the building upon the second estate — that on West Third Street — were made "payable in case of loss to M. Dana and L. Levin mortgagees, as interest may appear." On September 25, 1905, the mortgage referred to in the policies was assigned to the plaintiffs, who took and held it as collateral security for the indebtedness secured by the mortgages made to them directly on that day. On December 4, 1905, Dana and Levin executed, by indorsement upon each of the two policies referred to, that issued by the Reliance Insurance Company and that issued by the Aachen and Munich Fire Insurance Company, the following assignment: "For value received, we hereby assign to Francis I. Amory and Isaac Watchmaker, all our interest as mortgagees in this policy." This was assented to in an indorsement upon each policy by a duly authorized agent of the company.

This mortgage was discharged by the plaintiffs on February 2, 1906. If we assume, without deciding, that after the assignment of the mortgage to the plaintiffs on September 25, 1905, Dana and Levin held rights under these two policies as trustees for the assignees of the mortgage, and that the assignment of the policies on December 4, 1905, was as effectual in favor of the plaintiffs as if it had been made on September 25, it still transferred to them only the rights held by the mortgagees under that mortgage. They had no other rights, and they could not give the plaintiffs' rights to a payment under these policies for the protection of their interests under another mortgage. *Attleborough Savings Bank* v. *Security Ins. Co.* 168 Mass. 147. *Palmer Savings Bank* v. *Ins. Co. of North America*, 166 Mass. 189. By the discharge of this mortgage the plaintiffs lost any rights they had to a payment under these policies. As they never have had any rights to insurance upon the property on West Third Street, other than those assigned to them by Dana and Levin as mortgagees, they cannot maintain the actions for insurance upon this property.

The next question is whether the plaintiffs furnished to the defendants such information in regard to the fire as it was their duty to furnish under the contract, if the insured failed to render to the company forthwith a statement under oath as required by the policy.   The rights and obligations of the parties, under such circumstances, were considered in *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 235.   It was there held that the mortgagee is not required to make his statement forthwith after the fire, but that he must " furnish to the company in writing, within a reasonable time, proper information in regard to the loss, as to such matters as a mortgagee reasonably may be expected to know."   We are of opinion that the plaintiffs in this case, in view of all the circumstances and conditions attending the fire, did all that the law required of them. See *Parker* v. *Middlesex Mutual Assur. Co.* 179 Mass. 528; *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382; *Cook* v. *North British & Mercantile Ins. Co.* 183 Mass. 50; *Bennett* v. *Ætna Ins. Co.* 201 Mass. 554; *Greenough* v. *Phœnix Ins. Co.* 206 Mass. 247.

Inasmuch as the claims of the plaintiffs that can be sustained are all for a loss on the property upon Arlington Street, Amory, the first mortgagee, is entitled to the whole amount of his debt and interest, under the mortgage, due at the time of the fire, to be assessed upon the three companies that issued policies on this property, in proportion to the amounts of their respective policies.   The whole amount of his debt and interest on April 12, 1908, was $3,711.10, and he is entitled to receive on account thereof $2,226.66 from the Aachen and Munich Fire Insurance Company, $742.22 from the German Fire Insurance Company and $742.22 from the Farmers' Fire Insurance Company, with interest in each case from August 8, 1908, sixty days from the time when notice in writing of the fire was furnished to the company under the policy.   The amount of the loss was payable at that time, and if the parties had not then agreed upon it, or had it determined, so that an action could be maintained for it, interest should be allowed on it from that date, when it is ascertained.

The amount of the loss on this property, as found by the referees, was $5,000.   The balance of $1,288.90, after paying Amory, is to go to Watchmaker in part payment of his indebtedness se-

cured by this mortgage. The amount of his indebtedness at the time of the fire was $1,750 and interest from March 25, 1908. Assessing this balance of $1,288.90 upon the three companies, in proportion to the amounts of their respective policies, he is entitled to recover from the Aachen and Munich Company $773.34, from the German Company $257.78 and from the Farmers' Company $257.78, with interest in each case from August 8, 1908.

The judgments are set aside, and judgments for the defendants are ordered in the actions upon the policies covering the property on West Third Street. In the actions on the policies covering the property on Arlington Street, judgments for the plaintiffs are to be entered for the amounts stated in this opinion.

*So ordered.*