CANTON CO-OPERATIVE BANK *vs.* AMERICAN CENTRAL INSURANCE COMPANY.

Norfolk.    October 5, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Insurance,* Fire.    *Mortgage,* Mortgagee's insurance.    *Election.    Waiver.*

The Massachusetts standard form of fire insurance policy contains the following
provision: "When this company shall be liable to a mortgagee for any sum for
loss under this policy, for which no liability exists to the mortgagor, or owner,
and this company shall elect by itself, or with others, to pay to the mortgagee
the full amount secured by such mortgage, then the mortgagee shall assign and
transfer to the companies interested, upon such payment, the said mortgage,
together with the note and debt thereby secured." In an action on such a
policy by a mortgagee to whom the insurance money was made payable in case of
loss, it appeared that the mortgagor after taking out the policy sold and con-
veyed his interest in the insured property without the assent of the defendant,
thereby making the policy void as to the mortgagor, but that the defendant had
no notice of this conveyance, that thereafter the insured property was damaged
by fire and that two months and ten days after the fire the plaintiff foreclosed
his mortgage, becoming the purchaser of the property under its terms and taking
a deed of the property, that the plaintiff gave the defendant no notice of the
foreclosure proceedings and that the defendant did not know of them until the
foreclosure was completed and the plaintiff had recorded his deed. *Held,* that
the plaintiff could not recover, because he had put it out of his power to comply
with the provision of the policy which gave the defendant the right, on paying the
debt to the plaintiff, to an assignment of the mortgage and of the note thereby
secured, and because the defendant had not failed to exercise its right of election
*within a reasonable time, having had no notice of the facts that gave it the right*
to make such an election, and for the same reason had not waived its right.

CONTRACT upon a policy of fire insurance for $4,000 in the
Massachusetts standard form for damage by fire to a dwelling
house numbered 31 on Warren Avenue in Woburn, the action
being brought by the mortgagee of the property to whom the
policy was made payable in case of loss. Writ dated February 16,
1911.

In the Superior Court the case was tried before *Fox,* J. At the
close of the evidence, which consisted of the testimony of wit-
nesses introduced by the plaintiff and of facts agreed upon by
the counsel, the defendant offering no testimony, the defendant
asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. The plaintiff cannot recover because the amount of loss and damage caused by the fire in question to the property covered by the insurance policy in question was not, prior to suit, agreed upon nor determined by arbitration, and there is no evidence from which it can be found that the defendant has waived compliance on the part of the plaintiff with those provisions contained in said policy relative to arbitration and award.

"3. The plaintiff cannot recover because by the foreclosure sale the plaintiff put it out of its power to comply with that provision contained in the policy in question, which gave the defendant the right to an assignment from the plaintiff of the mortgage in question together with the note thereby secured, and there is no evidence upon which it can be found that the defendant waived its right to such assignment."

The judge refused to make any of these rulings; but, upon a stipulation, made by the plaintiff before the case was submitted to the jury and assented to by the defendant, that, if this court upon a report of the case by the presiding judge should find that upon all the competent evidence the case ought not to have been submitted to the jury, judgment should be entered for the defendant, the judge submitted the case to the jury, who found for the plaintiff in the sum of $1,888, which it was agreed by the counsel was arrived at by adding three years' interest to the sum of $1,600; and the judge thereupon reported the case for determination by this court with the stipulation agreed upon.

The case was submitted on briefs.

*F. W. Brown & W. L. Came*, for the defendant.

*W. J. Good & T. H. Mahony*, for the plaintiff.

SHELDON, J. We assume in favor of the plaintiff that on the evidence a finding was warranted that the defendant had waived its right to insist upon any further notice or proof of loss under the policy than that which it had received through its agents, and also had waived or had become estopped from exercising its right to require a reference to arbitration of the amount of the loss. *Little* v. *Phœnix Ins. Co.* 123 Mass. 380. *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142. But this policy contained the stipulation required by our statute then in force (R. L. c. 118, § 60; see now St. 1907, c. 576, § 60),

that "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate: . . . and whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured."

This policy was held by one Hawkes, who had become the owner of the insured property. He mortgaged it to the plaintiff, and made the policy payable to it in case of loss. He then sold and conveyed the property to one Collins, who sold and conveyed it to one Seib, but the policy was not assigned either to Collins or to Seib, and neither sale was assented to by the defendant. On April 7, 1909, the house insured was damaged by fire. On June 17, 1909, the plaintiff foreclosed its mortgage by a sale of the premises and, as permitted by the terms of the mortgage, bought the property at this sale, recorded a proper deed and affidavit on July 13, 1909, and became and has since remained the owner of the property.

This action was brought in February, 1911.

At the trial the defendant asked, among other things, for rulings that upon all the evidence the plaintiff could not recover, and that the plaintiff could not recover because it had put it out of its power to comply with the provisions of the policy which gave the defendant the right to an assignment from the plaintiff of the mortgage and the debt thereby secured, and because there was no evidence that the defendant had waived its right to such an assignment.

In our opinion these rulings should have been given and a verdict ordered for the defendant.

The policy by reason of the conveyances to Collins and to Seib had become invalid as to the mortgagor and the owners of the property, but still was binding in favor of the plaintiff as mortgagee. *Eliot Five Cents Savings Bank* v. *Commercial Union Assur-*

*ance Co.* 142 Mass. 142. *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189. *Whiting* v. *Burkhardt,* 178 Mass. 535. *Union Institution for Savings* v. *Phœnix Ins. Co.* 196 Mass. 230. The condition contemplated in this clause of the policy had arisen. The defendant was liable to the plaintiff as mortgagee for a sum for which no liability existed as to the mortgagor or owner. The plaintiff then by its voluntary act completed a foreclosure of its mortgage, and thus rendered itself unable to comply with the stipulation for an assignment. The effect of this act was to take away the plaintiff's right of action upon the policy, as was held in *Attleborough Savings Bank* v. *Security Ins. Co.* 168 Mass. 147, and assumed in *Lyons* v. *Boston & Lowell Railroad,* 181 Mass. 551, 555, unless the defendant had lost the right to set up this defense, either by a waiver thereof or by its failure to exercise within a reasonable time its right of election by paying or tendering to the plaintiff the full amount secured by the mortgage and demanding the assignment to which it then would be entitled.

The defendant's right to require an assignment depending upon its election, would accrue only upon its payment or tender and demand of an assignment. And it must make its election within a reasonable time, or its right would be gone. *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142. *Union Institution for Savings* v. *Phœnix Ins. Co.* 196 Mass. 230. But the defendant never made an election, never offered to pay to the plaintiff the amount due upon its mortgage note. *Amory* v. *Reliance Ins. Co.* 208 Mass. 378. Yet the plaintiff's difficulty is that there was absolutely no evidence of any notice to the defendant of the circumstances by reason of which its liability to Hawkes had been extinguished, though continuing as to the plaintiff. There was, so far as the defendant could know, no right on its part, instead of paying the amount of the loss under the policy, to pay off the plaintiff's mortgage debt and take an assignment of the note and mortgage. The reasonable time within which the defendant must act could begin to run only when it had knowledge of the altered state of affairs which had discharged it from liability to Hawkes, or at most only when it was in some degree at fault for not having such knowledge. The fire occurred on April 7. The plaintiff made its foreclosure sale on June 17, and must have begun the foreclosure proceedings at least three weeks

earlier. R. L. c. 187, § 14. So far as appears it gave no notice of these proceedings to the defendant, and the defendant knew nothing of them, and there had been nothing to put the defendant upon inquiry as to Hawkes's loss of his rights under the policy. It is manifest that before the completion of the foreclosure the defendant had not failed for more than a reasonable time to make an election, for it had then no knowledge or notice either of its right or of the facts which created that right. After the foreclosure, it would have been merely a vain ceremony for the defendant to have made a tender and demanded an assignment. The mortgage was no longer in existence; the note was no longer the note which the defendant would have had a right to require, as the judge at the trial correctly ruled. It follows that the defendant had not lost its right to avail itself of this defense by any unreasonable delay on its part.

For like reasons it had not waived its right. It knew neither of the right nor of the facts which created the right. But such knowledge is essential to a waiver. *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22, 39, 40, and cases there cited. There is no element of estoppel here against the defendant. *Prest* v. *Cole*, 183 Mass. 283, 286.

The rulings which we have stated ought to have been given; and the case ought not to have been submitted to the jury. Under the stipulation of the parties stated in the report, we have no alternative but to direct that judgment be entered for the defendant.

*So ordered.*