MARY J. PARKER *vs.* JOHN LAPLANT, JR., & others.

Suffolk.    November 11, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate.    *Insurance.*

Upon a full transfer, by the holder of a second mortgage of real estate executed in the short form set out in the appendix to G. L. c. 183, § 19, to a purchaser at a sale in foreclosure of the mortgage where the sale price was less than the principal sum due on the mortgage and the expenses of foreclosure, of all policies of insurance placed by the mortgagor for the benefit of the second mortgagee upon buildings on the land covered by the mortgage, the purchaser by reason of the provisions of G. L. c. 183, § 19, became entitled to all rights and benefits under the transfer and might maintain a bill in equity restraining the mortgagor or his assignee from prosecuting actions at law or suits in equity against the insurer to recover premiums on the policies unearned at the time of the foreclosure sale.

BILL IN EQUITY, filed in the Superior Court on March 23, 1925, and afterwards amended, against John LaPlant, Jr., Bulkeley Smith, and R. S. Hoffman and Company, a corporation, to establish the rights of the plaintiff as purchaser at a sale in foreclosure of a mortgage of real estate to certain policies of insurance placed upon the real estate by the mortgagor for the benefit of the mortgagee.

The defendants answered, including demurrers in their

answer. The suit was heard by *Lawton*, J. Material evidence is described in the opinion. By order of the judge the demurrers were overruled, and the final decree described in the opinion was entered. The defendants LaPlant and Smith appealed.

*P. A. Guthrie*, for the defendant Smith.

*W. Hartstone*, for the defendant R. S. Hoffman and Company, & *R. H. Beaudreau*, for the defendant LaPlant, submitted a brief.

*M. Jacobs*, for the plaintiff.

WAIT, J. The question presented for our determination is, whether a mortgagor by a "short form" mortgage, who has insured the property for the benefit of a mortgagee, can, upon foreclosure by the mortgagee, assign to a third person the right to cancel the insurance and to receive return premiums from the insurer. It is brought before us by appeals of the mortgagor and of his assignee taken to a decree of the Superior Court made after a hearing at which the following facts appeared:

LaPlant, owner of certain premises subject to six first mortgages, gave a second mortgage thereon and procured through R. S. Hoffman and Company, a corporation representing many insurance companies, insurance which either was made payable to the second mortgagee or by virtue of the provisions of the mortgage deed enured to his benefit. This second mortgage was assigned to one Levin, who foreclosed it by a sale. The plaintiff was the purchaser at the sale. The amount bid at the sale and paid by the plaintiff fell short of the principal sum due on the mortgage and the expenses of foreclosure by more than $32,000. Levin, as part of the transaction, transferred to the plaintiff the policies of insurance on the premises. This he did by virtue of the power conferred by the mortgage deed which, by force of G. L. c. 183, § 19, provided "that the mortgagee and his . . . assigns are appointed and constituted the attorney or attorneys irrevocable of the said mortgagor to execute and deliver to the said purchaser [at a sale under the power of sale in the deed] a full transfer of all policies of insurance on the buildings upon the land covered by the mortgage at the

time of such sale." The plaintiff requested R. S. Hoffman and Company to assent to the transfers.

Immediately upon the sale LaPlant, who was indebted to Smith, holder of a subsequent mortgage upon the premises, for the principal sum then due thereon and for further amounts, executed and delivered to Smith an instrument which recited that LaPlant sold, assigned and transferred to Smith "all and whatever sum or sums of money now due and coming due to me from the unearned premiums in the following insurance policies [enumerating them]" with powers to collect them in his name and as his attorney for the use of Smith. LaPlant at once gave notice of the assignment to R. S. Hoffman and Company.

The corporation did not assent to the transfers. Thereupon the plaintiff filed her bill in equity against LaPlant, Smith and R. S. Hoffman and Company, reciting these facts and praying that the corporation be restrained from paying either LaPlant or Smith anything relating to the insurance policies, and that it be ordered to assent to the transfers of the policies to the plaintiff. Demurrers filed by the several defendants were sustained. The plaintiff amended her bill by alleging that the corporation had informed her that the transfers would be assented to if, in this cause, it was determined that in so doing the corporation would not become liable to LaPlant and Smith for a refund of the unearned premiums; and by adding a prayer that LaPlant and Smith be enjoined from proceeding at law or in equity to recover said unearned premiums.

LaPlant and Smith filed demurrers and answers to the bill as amended. The cause was heard on the bill as amended, the demurrers of LaPlant and Smith, and the answer of R. S. Hoffman and Company. By an order for a decree made May 1, 1925, the court overruled the demurrers and directed a decree for assent by R. S. Hoffman and Company, with costs against LaPlant and Smith. After hearing, a final decree was entered on May 12, 1925, which adjudged that the plaintiff was entitled to all rights and benefits under the transfers to her; restrained LaPlant and Smith permanently from prosecuting any suit either at law or in equity against

R. S. Hoffman and Company, or any of the companies issuing the policies set forth for the recovery of any unearned premiums thereon; awarded to the plaintiff costs against LaPlant and Smith; and dismissed the bill as against R. S. Hoffman and Company, without costs.

Both LaPlant and Smith appeal from this final decree.

No questions of technical proceedings have been argued. We deal only with the merits.

The language of the mortgage deed with the meaning given to it by G. L. c. 183, § 19, already quoted, is decisive on the facts before us.   The mortgagor has cut himself off from any right to cancel the insurance and receive the return premiums, if he ever had such right, by the deed which he has executed. That deed gave to the assignee of the mortgage upon making a foreclosure sale an irrevocable power to transfer to the purchaser at the sale all insurance then upon the buildings on the premises.   This was his voluntary act.   He was not compelled to make use of a deed containing such a power; but, having done so, he cannot afterward derogate from the deed which he has delivered.   He cannot deprive the mortgagee of the fruits of the power which he has given, by putting an end to the insurance and assigning to another such value as remains in the policies.   Indeed, if the right to the transfer under the power has to any extent increased the bid made at the sale, he has received a consideration from the purchaser.

There is nothing contradictory to this decision in *Canton Co-operative Bank* v. *American Central Ins. Co.* 219 Mass. 132, brought before the enactment of St. 1912, c. 502, § 18, now G. L. c. 183, § 19.   No similar situation is present here.   It is supported by the reasoning in *Felton* v. *Brooks*, 4 Cush. 203. The order must be

*Decree affirmed.*